UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :     PROTECTIVE ORDER

      -v.-                       :     19 Cr. 725 (JPO)

LEV PARNAS,                       :
IGOR FRUMAN,
DAVID CORREIA, and                :
ANDREY KUKUSHKIN,
                              :
         Defendants.
                              :
- - - - - - - - - - - - - - - - x

      On the motion of the United States of America, by the United States Attorney for the Southern District of New York, Geoffrey S. Berman, by Assistant United States Attorneys Rebekah Donaleski, Nicolas Roos, and Douglas S. Zolkind; and with the consent of LEV PARNAS, IGOR FRUMAN, DAVID CORREIA, and ANDREY KUKUSHKIN, the defendants, by and through their respective counsel of record:

      WHEREAS, LEV PARNAS, IGOR FRUMAN, DAVID CORREIA, and ANDREY KUKUSHKIN, the defendants, have certain rights under the United States Constitution, federal statutes, and the Federal Rules of Criminal Procedure, to pretrial discovery;

      WHEREAS, the Government recognizes its obligation to provide such discovery materials to the defendants, consistent with the need to protect the confidentiality of ongoing investigations and the confidentiality interests of others;

WHEREAS, the discovery that the Government intends to provide to the defendants contain materials that, if disseminated to third parties, could, among other things, impede ongoing investigations and implicate the privacy and confidentiality interests of third parties;

WHEREAS, the Government has demonstrated good cause for the relief set forth herein;

WHEREAS, LEV PARNAS, IGOR FRUMAN, DAVID CORREIA, and ANDREY KUKUSHKIN, the defendants, by and through their respective counsel of record, consent to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, pursuant to Federal Rule of Criminal Procedure 16(d):

1. Discovery materials designated as "Protected Materials" by the Government may be used by the defendants, their respective counsel of record, and their respective counsel of record's agents (collectively, the "Defense") only for purposes of defending the charges, in connection with any sentencing, and pursuing any appeals, in relation to this criminal action.

2. The Protected Materials and the information contained or disclosed therein:

   a. Shall not be disclosed in any form by the Defense to any third party except as set forth in paragraphs 2(b), 3, and 4 below;

b. May be disclosed to third parties only by the defendants' respective counsel of record and only to the following persons (collectively, "Designated Persons"):

i. investigative, secretarial, clerical, paralegal and student personnel employed full-time or part-time by the defendants' respective counsel of record and who are actually participating in the legal defense of this action;

ii. independent expert witnesses, jury consultants, document hosting personnel, or investigators retained by the defendants in connection with this action;

iii. such other persons as hereafter may be authorized by the Court upon a motion by the defendants; and

iv. Shall be destroyed or returned to the Government following the conclusion of this case, including after any appeals.

3. The Defense may show (but not otherwise provide) the Protected Materials to fact witnesses ("Fact Witnesses") interviewed by the defendants' respective counsel of record in the course of investigating this action, only in the presence of the defendants' respective counsel of record.

4. The Defense shall provide a copy of this Order to Designated Persons to whom materials subject to the protections of this Order are disclosed pursuant to paragraph 2(b), or Fact Witnesses to whom materials subject to the protections of this

Order are shown pursuant to paragraph (3).  Designated Persons and Fact Witnesses shall be subject to the terms of this Order.

     5.   With respect to any discovery material designated as Protected Materials that the Defense intends to file publicly or to specifically describe in a public filing, the defendant making the filing must either (i) file the discovery material under seal, or (ii) provide reasonable notice to the Government to permit the parties to confer on the proper treatment of the discovery material.  If the parties are unable to reach agreement as to whether redactions to the public filings are warranted, or to the extent of such redactions, the parties will seek Court resolution before the document is publicly filed or specifically described in a public filing.

6. Any disputes regarding the designation of discovery material as Protected Materials, or any other dispute concerning this Order, which cannot be resolved among the parties, will be brought to the Court for a ruling before any public disclosure not permitted by this Order is made.

Dated:   New York, New York
         November 13, 2019

SO ORDERED:

_____
J. PAUL OETKEN
United States District Judge