# CADWALADER

Cadwalader, Wickersham & Taft LLP
200 Liberty Street, New York, NY 10281
Tel +1 212 504 6000  Fax +1 212 504 6666
www.cadwalader.com

January 22, 2020

**VIA E-MAIL**

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *United States v. Igor Fruman*, 19 Cr. 725 (JPO)

Dear Judge Oetken:

I write on behalf of Mr. Fruman in response to Mr. Parnas' recent request for a third modification of the Protective Order governing discovery in this action and to address the prior modifications of the Protective Order. Mr. Parnas' most recent request seeks to produce materials produced by Apple, Inc. from his iCloud account (the "Production Material") to the United States House of Representatives' Permanent Select Committee on Intelligence ("HPSCI"). For the reasons stated below, Mr. Fruman objects to Mr. Parnas' request for a third modification of the Protective Order.

Based upon representations from the government and upon Mr. Fruman's own understanding of his prior relationship with Mr. Parnas, I have reason to believe that the Production Material contains privileged information jointly belonging to Mr. Parnas *and* Mr. Fruman. Joseph A. Bondy, counsel to Mr. Parnas, has not provided the Production Material to me, nor inquired as to whether Mr. Fruman waives any applicable privilege with respect to any of the potentially privileged materials contained in the Production Material. To be clear, Mr. Fruman asserts any applicable privilege over the Production Material and does not waive any such privilege. Accordingly, Mr. Parnas does not have the authority to produce any privileged material belonging to Mr. Fruman. *See, e.g., The Jordan (Bermuda) Inv. Co. v. Hunter Green Investments Ltd.*, 2006 WL 2773022, at *1 (S.D.N.Y. Sept. 27, 2006) (recognizing that "[o]ne co-client does not have authority to waive the privilege with respect to another co-client's communications to their common lawyer."). Yesterday, I learned that Mr. Bondy does not intend to review the Production Material for privilege even though he is aware that some of the Production Material may in fact be privileged. This is unacceptable. Accordingly, Mr. Fruman objects to Mr. Parnas' request for a third modification of the Protective Order, and it should be denied.

Todd Blanche  Tel +1 212 504-6226   Fax +1 212 504-6666   todd.blanche@cwt.com

CADWALADER

The Honorable J. Paul Oetken
January 22, 2020

Moreover, yesterday I learned the materials Mr. Parnas previously produced to the HPSCI may include privileged information belonging to Mr. Fruman. Mr. Bondy has not provided me with a copy of those materials, but if privileged material was already produced to the HPSCI, that would be disappointing considering Mr. Bondy implied to the Court in making the first two applications to modify the Protective Order that he would undertake a privilege review prior to producing materials to the HPSCI. (*See, e.g.,* Dkt. 60 ("At present, we do not know whether we intend to produce the entirety of the materials, or a subset filtered for either privilege or relevancy.").) Mr. Parnas did not, and does not, have any authority to waive Mr. Fruman's privilege, or otherwise disclose privileged communications belonging to Mr. Fruman. Indeed, the Protective Order recognizes the "need to protect . . . the confidentiality interests of others[,]" which necessarily must include *privileged communications* involving Mr. Parnas' co-defendants. (Dkt. 35.) My obvious concern is that Mr. Bondy's hasty efforts to find a forum (beyond MSNBC and CNN) for someone – anyone – to listen to his client's version of events caused him to irresponsibly produce privileged materials to the HPSCI. I respectfully request that the Court order Mr. Bondy to claw back any produced materials for which Mr. Fruman has an existing privilege and that, if the Court grants Mr. Bondy's request to produce the Production Material, that he be ordered to diligently conduct a privilege review and withhold any documents for which Mr. Fruman may have an existing privilege.

For these reasons, Mr. Fruman respectfully requests that the Court not permit any further modifications to the Protective Order until Mr. Bondy either confirms in writing to the Court that he will undertake a privilege review prior to producing any of the Production Material to the HPSCI and that he will not produce *any* document for which Mr. Parnas may have an existing privilege. Moreover, Mr. Fruman respectfully requests that the Court order Mr. Bondy to confirm in writing either that he (1) did not previously produce any materials to the HPSCI for which Mr. Fruman has an applicable privilege; or (2) has clawed back or attempted to claw back any privileged materials improperly previously produced to the HPSCI.

Respectfully Submitted,

Todd Blanche

cc:   All counsel of record (by e-mail)