LAW OFFICES OF
## GERALD B. LEFCOURT, P.C.
A PROFESSIONAL CORPORATION
1776 BROADWAY, SUITE 2000
NEW YORK, N.Y. 10019

GERALD B. LEFCOURT
lefcourt@lefcourtlaw.com

SHERYL E. REICH
reich@lefcourtlaw.com
FAITH A. FRIEDMAN
ffriedman@lefcourtlaw.com

TELEPHONE
(212) 737-0400
FACSIMILE
(212) 988-6192

September 25, 2020

VIA ECF

Honorable J. Paul Oetken
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

        *United States v. Kukushkin, et al.* 19 CR. 725 (JPO)

Dear Judge Oetken:

  We write on behalf of all defendants in response to the government's letter of this morning concerning modification of the current motion and trial schedule. The defense respectfully requests a short telephonic conference to discuss the matter further.

  Since the defense's initial application two days ago and for the first time since the end of March, the government has produced thousands of pages of new discovery, indicated that it will be providing another terabyte's worth of emails, and will be making additional discovery productions. The government also just produced a list of factual allegations made to the government by various individuals, which, at minimum, create questions as to the allegations contained in the superseding indictment and in some instances are exculpatory.

  As an initial matter, the government's contention that the prior motion schedule was not pegged to the filing of a superseding indictment on or before July 31, 2020, simply is not correct. The government represented that it expected to file a superseding indictment by that date and correspondence from defense counsel explicitly stated that it was agreeing to the proposed schedule based on the understanding that it would have at least 60 days with any newly produced discovery before filing motions.

      Further, other than its belief that the defense has had enough time with the discovery already produced and that the superseding indictment does not impact the defense's motions, the government cites no basis to object to the defense's reasonable proposal. The government simply has no grounds to contend that the recent superseding indictment and discovery productions have no impact on defense motions. To be sure, we anticipate that the recent productions will generate significant additional motion practice and *Brady/Giglio/Jenks* demands, among others. Moreover, even assuming certain discovery does not in and of itself give rise to a motion, the discovery may help inform defense counsel as to whether to file a motion from previously produced discovery. Nor can the government point to any prejudice occasioned by the application. Indeed, the government is attempting to maintain a motion schedule in order to keep a trial date the government admits may not be possible and, as it stands currently, in fact is not possible to maintain.

      The defense has no doubt that the return of the superseding was delayed due to the COVID-19 pandemic. We are not arguing that the government must be held to its initial projections on timing. That said, those delays are no fault of the defendants and they are entitled to have the time their counsel collectively has determined necessary and appropriate to prepare what is anticipated to be extensive and potentially dispositive motions in this case. The government cannot file a superseding indictment that purports to "streamline" the allegations by removing what were central factual allegations and adds new charges, then produce thousands upon thousands of pages of new discovery, along with exculpatory information, and then demand that defense counsel immediately file motions.

      Like the government, the ability of defense counsel to prepare motions, review discovery, and prepare for trial has been and remains hampered by the pandemic. Particularly given the lack of prejudice occasioned by this request and that current COVID-19 restrictions prevent this matter from proceeding to trial with all four defendants on the schedule that exists currently, the defendants should be afforded the same consideration and time that the government enjoyed in bringing the superseding indictment (which took six months).

      Accordingly, the defense requests a short telephonic conference to discuss the matter further. We thank the Court for its consideration.

                                                              Respectfully submitted,

                                                              /s/ Gerald B. Lefcourt
                                                              Gerald B. Lefcourt

cc:      All counsel (via ecf)