

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 26, 2021

**BY ECF**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

Re: *United States v. Lev Parnas, et al.*, S1 19 Cr. 725 (JPO)

Dear Judge Oetken:

The Government writes in response to the defendants' letter, dated May 20, 2021, requesting disclosure of materials seized from Rudolph Giuliani, Victoria Toensing, and other individuals, and proposing a conference to discuss their request.[1] With limited exceptions set forth below, the defendants are not entitled to these materials under Federal Rule of Criminal Procedure 16 or *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. Their request may be denied without oral argument because they have failed to make a prima facie showing that the materials sought are subject to disclosure under Rule 16, and the Government has complied and will comply with its obligations under *Brady* and its progeny.

## I. Procedural Background

On October 10, 2019, the defendants were arrested for the charges set for in Indictment 19 Cr. 725. On September 17, 2020, a superseding Indictment was returned charging: (i) Lev Parnas and Igor Fruman with conspiracy to make illegal contributions and defraud the United States, in violation of 18 U.S.C. § 371 and 52 U.S.C. §§ 30122 and 30109, false statements to the FEC, in violation of 18 U.S.C. §§ 1001 and 2, and falsification of records, in violation of 18 U.S.C. §§ 1519 and 2; (ii) Parnas, Fruman, and Andrey Kukushkin with conspiracy to make illegal contributions and defraud the United States, in violation of 18 U.S.C. § 371 and 52 U.S.C. §§ 30121, 30122, and 30109, soliciting a contribution by a foreign national, in violation of 52 U.S.C. §§ 30121 and 30109, and making a contribution by a foreign national, in violation of 52 U.S.C. §§ 30121 and 30109; and (iii) Parnas with conspiracy to commit wire fraud relating to his company "Fraud Guarantee," in violation of 18 U.S.C. § 1349.

[1] The Government respectfully requests that the unredacted version of this letter be maintained under seal because the redacted material concerns sealed search warrants, discovery subject to the protective order, and/or relates to an ongoing investigation.

Since the defendants' arrest, the Government has produced hundreds of thousands of pages of discovery on a rolling basis. As part of those discovery productions, the defendants have received, among other things, copies of every search warrant and application relating to the indicted offenses; copies of every search warrant and application executed on the defendants' accounts and devices, regardless of the offenses to which they relate; and the "responsive" materials seized pursuant to those warrants. Each of the defendants has also received in individual discovery a complete copy of any account or device that belongs to them.

On November 8, 2019, the Court authorized the Government to delay the disclosure and production of certain search warrant materials pursuant to Federal Rule of Criminal Procedure 16(d)(1) based on a showing of good cause. In particular, the Rule 16(d) order permitted the Government to redact and withhold search warrants, applications, and returns relating to an ongoing grand jury investigation concerning possible violations of [REDACTED] [REDACTED]. On or about January 3, 2020, January 28, 2020, and March 6, 2020, the Court ordered that the Rule 16(d) order covered additional Government applications and search warrant returns. On or about March 6, 2020, April 17, 2020, September 4, 2020, December 17, 2020, and March 26, 2021, the Court granted the Government's requests to extend the Rule 16(d) order. On January 28, 2021, the Government produced search warrants and applications related to [REDACTED] investigation for certain of the defendants' accounts and devices that had previously been redacted or withheld pursuant to the Rule 16(d) order. On May 14, 2021, the Government disclosed to the defendants a list of the search warrants, applications, and returns that the Government has continued to withhold pursuant to the Rule 16(d) order, pursuant to a limited unsealing order issued by this Court. The search warrants, search warrant applications, and search warrant returns that have not been produced—identified below—all relate to accounts or devices that do not belong to the defendants, only authorize the search and seizure of material related to [REDACTED] investigation, and otherwise remain under seal.

| # | Date | Docket No. | Item Subject to Search | Subject Offenses |
|---|---|---|---|---|
| 1 | 11/04/2019 | 19 Mag. 10364 | Email and iCloud accounts of Rudolph Giuliani; iCloud account of Victoria Toensing | [REDACTED] |
| 2 | [REDACTED] | [REDACTED] | [REDACTED] | [REDACTED] |
| 3 | [REDACTED] | [REDACTED] | [REDACTED] | [REDACTED] |
| 4 | 12/13/2019 | 19 Mag. 11704 | Email account of Victoria Toensing | [REDACTED] |
| 5 | [REDACTED] | [REDACTED] | [REDACTED] | [REDACTED] |

| | | | | |
|---|---|---|---|---|
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | 04/21/2021 | 21 Mag. 4335 | Electronic devices of Rudolph Giuliani and Giuliani Partners | |
| 10 | 04/22/2021 | GLS-21-1202 (D. Md.) | iPhone of Victoria Toensing | |
| 11 | 04/28/2021 | 21 Mag. 4591 | iPhone of Victoria Toensing | |

The Government's "responsiveness" review of materials obtained pursuant to the first eight search warrants is substantially complete. As the Court is aware, the Government has requested the appointment of a special master to review the electronic devices seized from Rudolph Giuliani, Giuliani Partners, and Victoria Toensing, and therefore the prosecution team does not have access to the electronic devices or their contents and has not yet identified any materials from those devices as "responsive" to the warrants. None of the warrants authorize the search for or seizure of any evidence of the campaign finance offenses charged in the Superseding Indictment. Indeed, Andrey Kukushkin and "Foreign National-1" are not named in any of the search warrants, and are only referenced in four of the search warrant affidavits in a description of the original Indictment. While Fraud Guarantee is referenced in some of the affidavits, none of the warrants authorize the search for or seizure of evidence relating to Fraud Guarantee.

On May 14, 2021, the Government advised the defendants that it did not believe the search warrants, applications, or the returns constitute Rule 16 materials and are therefore not subject to disclosure. As is discussed below, the Government will not use any of the materials seized pursuant to the above-referenced warrants at the trial(s) for the charged case. The Government also informed the defendants that to the extent the Government seizes materials responsive to the above-captioned warrants that constitute *Brady* or *Giglio* material for the charged case that are not duplicative of materials already seized from and produced to the defendants from their own accounts and devices, or the productions made by witnesses, the Government will promptly produce those materials. To date, the Government has not identified any materials in the above-referenced returns that it believes constitute *Brady* or *Giglio*.

On May 20, 2021, the defendants filed their request for any discoverable materials pursuant to Rule 16, *Brady*, or *Giglio* within the above-referenced materials and for a court conference.

## II. The Requested Search Warrants Returns are Not Subject to Disclosure Under Rule 16

### a. Applicable Law

Rule 16 of the Federal Rules of Criminal Procedure "created only a narrow right of pretrial discovery from the government." *United States v. Stein*, 488 F. Supp. 2d 350, 365 (S.D.N.Y. 2007). In particular, the Rule requires the Government to disclose to the defendant "any relevant written or recorded statement by the defendant . . . within the government's possession, custody, or control," Fed. R. Crim. P. 16(a)(1)(B), as well as any documents within the Government's possession, custody, or control if the items are material to preparing the defense, if the Government intends to use them in its case-in-chief at trial, or if the items were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(E). To be subject to disclosure under Rule 16(a)(1)(B), a statement must be "relevant," meaning it must relate "to the crime charged" against a defendant. *United States v. Gleason*, 616 F.2d 2, 24 (2d Cir. 1979) (letters by the defendant only relevant to impeaching him were not covered by the rule); *see also United States v. McElroy*, 697 F.2d 459, 464 (2d Cir. 1982) ("Rule 16 thus does not cover oral statements unrelated to the crime charged or completely separate from the government's trial evidence.").

For an item or record that the Government does not intend to use in its case-in-chief at trial, and was not obtained from the defendant to be discoverable, "[i]t is [a defendant's] burden to make a prima facie showing that documents sought under Rule 16(a)(1)(E)(i) are material to preparing the defense." *United States v. Rigas*, 258 F. Supp. 2d 299, 307 (S.D.N.Y. 2003) (citing *United States v. McGuinness*, 764 F. Supp. 888, 894 (S.D.N.Y. 1991)). In other words, the defendant must "offer more than the conclusory allegation that the requested evidence is material." *Id.* (internal citations omitted). An item is "'material to preparing the defense'" under Rule 16 "'if it could be used to counter the Government's case or bolster a defense."' *United States v. Ulbricht*, 858 F.3d 71, 109 (2d Cir. 2017), *rev'd on other grounds*, *Carpenter v. United States*, 138 S. Ct. 2206 (2018) (quoting *United States v. Stevens*, 985 F.2d 1175, 1180-81 (2d Cir. 1993)). "'Defense' means 'the defendant's response to the Government's case in chief,' encompassing only items 'which refute the Government's arguments that the defendant committed the crime charged."' *United States v. Armstrong*, 517 U.S. 456, 462-63 (1996) (interpreting predecessor to Fed. R. Crim. P. 16(a)(1)(E)). Of particular relevance here, the Supreme Court has made clear that Rule 16 does not authorize discovery relating to a selective prosecution claim. *Id.*

Under these standards, the question is whether the evidence "would 'enable the defendant significantly to alter the quantum of proof in his favor.'" *United States v. Weigand*, 482 F. Supp. 3d 224, 243-44 (S.D.N.Y. 2020) (quoting *United States v. Maniktala*, 934 F.2d 25, 29 (2d Cir. 1991)) (cleaned up). In other words, the defendant must make a "strong indication that [the requested items] will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Stein*, 488 F. Supp. 2d 350, 356-57 (S.D.N.Y. 2007) (quoting *United States v. Lloyd*, 992 F.2d 348, 351 (D.C. Cir. 1993)).

Consequently, Rule 16 does not compel discovery of items that are merely "useful" to the defense. *See, e.g.*, *United States v. Cardoso*, No. 05 Cr. 563 (LTS), 2006 WL 739836, *2

(S.D.N.Y. Mar. 23, 2006) (denying motion to compel discovery because defendant failed to sustain burden of demonstrating that "the discovery sought is material, rather than merely potentially helpful, to the defense"); *Rigas*, 258 F. Supp. 2d at 307 (criticizing the defendants' argument that the requested documents are material because they helped structure the government's case and would save defendants time going through discovery as a misguided "attempt to equate 'material' with 'useful'"); *United States v. Reddy*, 190 F. Supp. 2d 558, 573 (S.D.N.Y. 2002) (holding requested investigatory files are not material simply because they "provided the basis of the criminal charges"). Furthermore, Rule 16(a)(1)(E) does not allow a criminal defendant to engage in a "broad and blind fishing expedition among [items] possessed by the Government on the chance that something impeaching might turn up." *Jencks v. United States*, 353 U.S. 657, 667 (1957) (quoting *Gordon v. United States*, 344 U.S. 414, 419 (1953)).

Finally, by its terms, this aspect of Rule 16 applies only to items "within the government's possession, custody, or control." Fed. R. Crim. P. 16(a)(1)(E). Rule 16 has been construed "narrowly" by courts to apply only to materials that "the prosecutors in the particular case" have "access" to. *United States v. Volpe*, 42 F. Supp. 2d 204, 221 (E.D.N.Y. 1999); *cf. Kyles v. Whitley*, 514 U.S. 419, 437 (1995) (government's discovery and disclosure obligations extend only to information in the custody of the prosecutor).

b. Discussion

With limited exceptions set forth below, the search warrant returns described above are not subject to disclosure under Rule 16. None of the accounts or devices that were searched belong to the defendants. The warrants do not authorize the Government to search for evidence related to the charged case, and the Government will not use any evidence seized pursuant to the warrants at trial later this year. Therefore, the only possible bases for discovery of these records is (a) they contain statements by the defendants "relevant" to the charged case; or (b) they are "material"—meaning that they would "significantly to alter the quantum of proof"—in preparing a defense to the Government's case-in-chief. *Weigand*, 482 F. Supp. 3d at 243. The defendants have not demonstrated their entitlement to disclosure on either ground.

First, the defendants contend that the search warrant returns will "likely contain a number and variety of communications between Giuliani and Toensing and Parnas," (Def. Letter at 3), but if that is true, that does not alone make them discoverable. The returns do not contain any evidence "relevant" to the campaign finance offenses charged in the Superseding Indictment. Nor does the Government intend to use any materials from these search warrant returns in its case-in-chief.[2] To be discoverable under Rule 16(a)(1)(E), the returns would have to be material to the preparation of a defense to the Government's case-in-chief. But the defendants have not indicated how these materials would "significantly" alter the quantum of proof at trial, especially considering the discovery that has already been produced. Indeed, it appears that most, if not all, of the relatively small number of communications involving the defendants in the search warrant returns have

[2] Based on a preliminary review, there appear to be few if any statements by Parnas in the Giuliani search warrant returns relevant to Fraud Guarantee. To the extent such statements exist and they are not duplicative of materials the Government has already produced to Parnas from his own accounts and devices, the Government will produce them in discovery.

already been produced in discovery from the defendants' own accounts or devices.[3] Even if there was some small subset of communications that were only on Giuliani's or Toensing's accounts or devices, the defendants must make a prima facie showing that such records would be related to the charged case, material to the defense, and not merely cumulative of the materials already produced to them. They have not done so.

Second, Parnas suggests that the warrant returns contain evidence relevant to the defendants' pending selective prosecution motion, including communications between Giuliani, Toensing, former President Donald J. Trump, former Attorney General William Barr, other unspecified "high-level members of the Justice Department," Jay Sekulow, Jane Raskin, other "Presidential impeachment attorneys," Senator Lindsey Graham, and Congressman Devin Nunes "relating to the timing of the arrest and indictment of the defendants as a means to prevent potential disclosures to Congress in the first impeachment inquiry of then-President Donald. J. Trump." (Def. Letter at 3.) This argument proceeds from a faulty premise: Parnas (and the other defendants) were not cooperating with a Congressional demand when they were arrested, there is no evidence that the Government acted for the purpose of thwarting Parnas's then-unplanned attempt to testify before Congress, and there is no evidence that the defendants were prosecuted for some sort of discriminatory purpose. (*See* Gov't Opp. to Def. Mot. to Dismiss at 80-82.) And because this imagined conspiracy to stymie Parnas has no basis in fact, there is likewise no reason to believe that there are communications by the individuals mentioned above discussing the defendants' arrest as a means to prevent their disclosures to Congress. It is also settled law that Rule 16(a)(1)(E)(i) does not provide for discovery of evidence of alleged selective prosecution, and in order to obtain discovery on that issue, a defendant must offer "some evidence tending to show the existence of the essential elements of the defense." *Armstrong*, 517 U.S. at 468 (quoting *United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir. 1974)); *United States v. Bass*, 536 U.S. 862, 863 (2002) (per curiam) (to obtain discovery, a defendant accordingly first "must show some evidence of both discriminatory effect and discriminatory intent"); *Fares*, 978 F.2d at 59 (same). As noted in the Government's opposition to the pretrial motions, the defendants have failed to make such a showing, and nothing in their letter has altered that analysis. (Gov't Opp. to Def. Mot. to Dismiss at 80-82.) It does not follow, as Parnas asserts, that the defendants are entitled to discovery of these materials in hopes of remedying the deficiencies in their motion.

For similar reasons, the request for communications by Giuliani and Toensing "immediately following the defendants' arrests" and "subsequent to" Parnas's provision of information to the House Intelligence Committee are not subject to disclosure. (Def. Letter at 3.) Not only do these communications have nothing to do with the Government's case-in-chief, but even if Parnas was entitled to discovery relating to his selective prosecution claim—and he plainly is not—these communications would not even be relevant to such a defense because, to the extent they exist, they post-date the defendants' arrest.

Third, the defendants also assert that the search warrant returns will contain evidence relevant to "impeachment of a number of potential Government witnesses with whom Giuliani and Toensing communicated regularly." (Def. Letter at 3.) Besides not indicating who these witnesses

---

[3] There are no communications between Kukushkin and Giuliani, Toensing, or any of the other individuals named above.

are or how they are related to the charged case, the defendants' letter fails to discuss what materials they expect are in Giuliani's and Toensing's devices and accounts that will be impeaching of Government witnesses. And in any event, the Government is neither obligated to "engage in a broad and blind fishing expedition . . . on the chance that something impeaching might turn up," *Jencks*, 353 U.S. at 667, nor is it permitted to seize materials that are not responsive to the warrant. *See United States v. Collins*, 409 F. Supp. 3d 228, 243-44 (S.D.N.Y. 2019) (rejecting the argument that the government should "go back and search materials that are non-responsive" because the government lacked "the legal authority" to do so pursuant to the search warrant). That said, if the documents responsive to the warrants contain impeachment material for any of the Government's trial witnesses that is not duplicative of materials that have already been produced to the defendants or that the Government intends to produce pursuant to its Jencks Act and *Giglio* obligations, the Government will produce those records in advance of trial.[4]

Fourth, the Government's obligation to produce discovery material is also cabined to what is in its possession, custody, and control. As a result, even if the materials sought by the defendants were discoverable or subject to disclosure, the Government is under no obligation to, and nor would it be proper to, search records that were previously marked non-responsive to the warrants. *See id*. The same holds true for records that are unavailable to the case team, such as materials that have been withheld by the filter team because they are potentially privileged, or materials on a device belonging to Giuliani or Toensing that have not yet been released by a special master or reviewed by the case team. Those materials are not in the possession, custody, or control of the case team and therefore the Government is under no obligation to, and nor would it be appropriate or proper to, search or produce them under Rule 16.[5]

Finally, while the defendants' letter does not specify what they believe is *Brady* material in the search warrant returns, the Government is aware of, and has complied with, its *Brady* obligations, including with respect to the materials at issue. The Government has not identified any materials in the search warrant returns that it believes may constitute *Brady*, but to the extent such materials come to light in the future, the Government will disclose those materials promptly to the defendants. Accordingly, the defendants' motion should be denied to the extent it purports to be based on a *Brady* demand. *See United States v. Gonzalez*, No. 19 Cr. 123-2 (NRB), 2020 WL 1809293, at *5 (S.D.N.Y. Apr. 9, 2020) (denying a motion to compel because the government "represented that it had complied with and would continue to comply with its Brady and Rule 16 obligations); *United States v. Underwood*, No. 04 Cr. 424 (RWS), 2005 WL 927012, at *1 (S.D.N.Y. Apr. 21, 2005) ("The courts of this Circuit repeatedly have denied pretrial requests for

---

[4] For example, while the Government has not to date identified any *Giglio* material in the search warrant returns related to the individual identified in the Superseding Indictment as Victim-7, the Government will produce such material in advance of trial if the case team identifies such material in the future and it is not duplicative of material already produced relating to Victim-7.

[5] To the extent the defendants are making a request for discovery materials from records that are not yet available to the case team, that is not a basis for adjourning the trial. The Government will not use any of these materials at trial, and there is no reason to believe that the unsearched materials will relate to the campaign finance charges, which will be the only charges at issue during the trial since Count Seven will be severed on consent.

discovery orders pursuant to Brady where the government has made such good faith representations."); *United States v. Perez*, 940 F. Supp. 540, 553 (S.D.N.Y. 1996) (denying defendant's motion to compel production of *Brady* based on Government's representation that it was aware of and had complied with *Brady*).

## III. Conclusion

For the foregoing reasons, the defendants' request for discovery of the above-described search warrant returns should be denied. While the Government is available for a conference to discuss these matters at the Court's convenience, it does not believe a conference is necessary or warranted because the defendants have failed to make the threshold, prima facie showing that the documents sought are discoverable.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney
Southern District of New York

By: /s________________________
Rebekah Donaleski
Aline Flodr
Nicolas Roos
Assistant United States Attorneys
(212) 637-2418/2423/1110

Cc: Defense counsel (by email)