# The Law Offices Of
# Joseph A. Bondy

Joseph A. Bondy

Stephanie R. Schuman
(Of Counsel)

1776 Broadway
Suite 2000
New York NY 10019
Tel 212.219.3572

josephbondy@mac.com

May 20, 2021

(By E-Mail)
The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, N.Y. 10007

Re:   United States v. Parnas, et. al., 19-cr-725 (JPO)

Dear Judge Oetken:

I write on behalf of all defense counsel to respectfully request that the Court schedule a conference regarding the scope and timing of the Government's new discovery obligations, given its recently disclosed execution of search warrants on certain accounts and electronic devices belonging to the former President's long-time personal attorney, Rudolph Giuliani, another of the former President's attorneys, Victoria Toensing, and other individuals, and any potential supplemental motion schedule relating to this evidence.

A. **Relevant Background**

On April 28, 2021, in a nationally publicized media event, FBI agents executed warrants authorized by this Court to search the premises of Rudolph Giuliani and Giuliani Partners LLC, and to seize and search electronic devices found therein. That same day, upon obtaining seizure warrants in the District of Maryland, the Government seized at least one particular electronic device from Victoria Toensing, which was transported to the SDNY and a search warrant then obtained.

On April 29, 2021, the Government asked the Court to appoint a special master to conduct a filter-team review for any potentially privileged materials that were seized. *See*

1

4/29/2021 Government Letter, Filed Under Seal, in *In re Search Warrant dated April 21, 2021*, 21 Mag. 4335 and *In re Search Warrant dated April 28, 2021*, 21 Mag. 4591.

On May 7, the parties conferred by conference call regarding potential new disclosure obligations triggered by the Government's recent searches and seizures, including how the Government intended to appropriately review the contents of the seized materials then-known by us to exist, and to produce responsive, discoverable material far enough in advance of any hearings and trial to give the defendants sufficient time to properly review and investigate. We anticipated that there existed significant amounts of undisclosed Rule 16 material, additional *Brady/ Giglio* material related to certain counts in the Superseding Indictment, and information directly relevant to the defendants' pending motions to dismiss.

In response, by letter dated May 14, 2021, the Government advised defense counsel for the very first time that, beginning in early ▇▇▇▇, it had applied for and obtained ▇▇▇▇ other search warrants and the returns on these warrants, which were yet to be produced in any form and all related to ▇▇▇▇. *See* 5/14/2021 Government Letter to All Defense Counsel (Exhibit A). We learned that the disclosure of materials seized pursuant to these warrants was delayed by Order of this Court on November 8, 2019, and then again on multiple occasions, including most recently on March 26, 2021, when the Court extended the Order to June 30, 2021. *Id.*

In a chart, the Government identified that it had sought and seized a variety of undisclosed materials from ▇▇▇▇: the iCloud and e-mail accounts of Rudolph Giuliani ▇▇▇; the iCloud account of Victoria Toensing ▇▇▇;



the e-mail account of Victoria Toensing ▇▇▇; electronic devices of Rudolph Giuliani and Giuliani Partners LLC ▇▇▇; and the iPhone of Victoria Toensing.

The Government asserted that none of the warrants authorized the search or seizure of evidence of the campaign finance allegations charged in the superseding indictment, and noted that its prosecution team was not yet in possession of the records from the warrants executed on the devices in April 2021, since no records have been released by the filter team, special master, or the Court. The Government assured defense counsel that, should it uncover *Brady* or *Giglio* "for the charged case" (Exhibit A at p. 3), the Government would produce these materials. Although it did not intend to produce the search warrant affidavits or materials seized pursuant to the warrants, the Government left this issue open for future discussion.

**B.     Discussion**

The Government's disclosure obligation requires production of all undisclosed Rule 16 materials, all materials that support the defendants' pre-trial motions to dismiss, and all *Brady* or *Giglio* materials.

It appears that the recently disclosed seizures and searches—some of which date back ▆▆▆▆▆▆▆▆▆▆▆▆▆—have already resulted in the Government long-possessing materials that are relevant and discoverable in the charged case, and that the most recent seizures of electronic devices from Rudolph Giuliani and Victoria Toensing contain still further evidence relevant to the defendants' pending motions to dismiss the indictment on the grounds of selective prosecution, and to the impeachment of a number of potential Government witnesses with whom Giuliani and Toensing communicated regularly.

The evidence seized likely includes e-mail, text, and encrypted communications that are either non-privileged or subject to an exception to any potentially applicable privilege, between, *inter alia*, Rudolph Giuliani, Victoria Toensing, the former President, former Attorney General William P. Barr, high-level members of the Justice Department, Presidential impeachment attorneys Jay Sekulow, Jane Raskin and others, Senator Lindsey Graham, Congressman Devin Nunes and others, relating to the timing of the arrest and indictment of the defendants as a means to prevent potential disclosures to Congress in the first impeachment inquiry of then-President Donald. J. Trump.

Not only will the seized items reflect the conversations between Giuliani, Toensing and others leading up to the arrests of the defendants, but also the communications immediately following the defendants' arrests, and subsequent to Mr. Parnas's decision to cooperate with the House Intelligence Committee (HPSCI) and to provide information directly adverse to Mr. Giuliani, Ms. Toensing, the former President, and others.

The seized evidence will also likely contain a number and variety of communications between Giuliani and Toensing and Parnas that are directly discoverable under Fed. R. Crim. P. 16, evidence of any conversations between Giuliani, Toensing, and others, including Parnas, that may have been deleted, communications between Giuliani, Toensing and others about the defendants and how to address their prior relationships, the arrests, and the unfolding investigation, communications between Giuliani and Toensing and others with potential Government witnesses, including communications about the defendants, the offenses charged, and the witnesses' potential disclosures and characterizations of alleged fraud-loss computations.

Much of this evidence is also relevant to determining the strength of the defendants' motions, including their selective prosecution claims, and whether to grant additional discovery and an evidentiary hearing. Absent production of all such materials possessed by the Government, the defendants cannot fairly argue the full breadth of their motions to dismiss.

The defendants therefore respectfully request that the Court schedule a status conference, ensure the Government undertakes an immediate and complete review of the contents of all seized materials, and Order production of all discoverable information from the newly revealed searches and seizures far enough in advance of hearings and trial to give the defendants sufficient time to properly review, investigate, and, if required, supplement our motions.

                                                Respectfully submitted,

                                                _____/S/_____
                                                Joseph A. Bondy
                                                *Co-counsel to Lev Parnas*

c:       All Counsel