

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 12, 2021

**BY ECF**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:    *United States v. Lev Parnas, et al.*, S1 19 Cr. 725 (JPO)

Dear Judge Oetken:

      The Government writes in opposition to the defendants' fifth request for an adjournment of the trial in this case, which is scheduled to begin on October 4, 2021. Just three weeks ago, this Court denied the defendants' fourth application to adjourn the trial to February 2022. The purported reasons for the renewed application – the Covid-19 pandemic and the Government's production of a relatively small amount of material nearly two months before trial – do not merit a reversal of the Court's ruling. Rather, since the last conference, the Government has devoted significant resources to preparing for trial, including meeting with potential witnesses and making plans for their testimony at trial in October. An adjournment would prejudice the Government, and is against the public interest and the interests of justice. The defendants' application should be denied.

      As background, the defendants were arrested on October 10, 2019. On February 3, 2020, the Court set a trial date for October 5, 2020. On April 15, 2020, the trial date was adjourned from October 5, 2020 to February 1, 2021, on the consent of all parties, principally due to the volume of discovery in the case. (Dkt. No. 110.) On October 8, 2020, the defendants requested another adjournment, citing the volume of discovery in the case and the Covid-19 pandemic, and the trial was adjourned to March 1, 2021. (Dkt. Nos. 125, 131.) The defendants made yet another adjournment motion, requesting that the trial be adjourned to October 2021 so that trial participants and the public could be vaccinated. (Dkt. No. 153.) On February 12, 2021, the Court scheduled this trial for October 4, 2021. (Dkt. No. 176.) On June 17, 2021, counsel for Andrey Kukushkin sought a three-week adjournment of the trial to October 25, 2021, so that defense counsel could attend to two personal matters in Washington, D.C. (Dkt. No. 196.) After the Court indicated that it was not available to conduct a trial in late October, defense counsel requested an adjournment to February 7, 2022, citing several additional arguments for an adjournment. After oral argument, the Court denied the application on July 22, 2021, and set a schedule for pretrial disclosures and filings. Since that time, the Government has spent a considerable amount of time preparing for trial, including finalizing exhibits, preparing 3500 material, and meeting with trial witnesses.

The defendants' adjournment request should be denied, principally for the reasons the Court stated previously on the record. This case will be two years old when it is tried on October 4, 2021. An adjournment is against the interests of justice because it delays accountability for the crimes the defendants are alleged to have committed. As the Court is aware, this case has attracted considerable public attention, and it is a matter of public importance as the defendants are alleged to have corrupted the political process through illegal contributions, and therefore a delay is also against the public's interest in a speedy trial. Moreover, an adjournment is prejudicial to the Government because the passage of time can make it more difficult for witnesses to recall events. Indeed, the Government has been meeting with its trial witnesses over the last few weeks, and an adjournment would waste the time that was recently spent with those witnesses if the trial is adjourned for another six months.

The defendants' arguments, which have been made previously by counsel in arguing for a delay, do not merit an adjournment. The defendants first argue that the trial should be delayed due to concerns about the Covid-19 pandemic, the Delta variant, and the masking requirement for jurors. Implicit in this argument is that precautions sufficient to protect trial participants are impossible, and coupled with defense counsel's concerns about masked jurors, trial cannot safely and effectively proceed until the pandemic is over, or at least until none of the participants need to wear masks. The Government disagrees that challenges related to Covid-19 require the criminal justice system to grind to a halt; nor, in light of the significant public health precautions undertaken by the Southern District of New York to address the Covid-19 pandemic, does the Government agree that courts are powerless to move cases forward during what is now a multi-year pandemic.

There is no question that Covid-19 is a serious health concern requiring careful and comprehensive measures aimed at ensuring the safety of the Court, the jury, the parties, and the public. But this District has undertaken extensive efforts to do just that, including efforts to, among other things, reconfigure courtrooms, sanitize public areas and shared surfaces, enforce social distancing, screen courthouse visitors, limit crowds, protect individuals from particulate spread, and improve internal air circulation. *See United States v. Donziger*, No. 11 Civ. 691, 2020 WL 6364652, at *3 (S.D.N.Y. Oct. 28, 2020) ("[T]he Southern District of New York has undertaken a massive campaign [to] ensure that its facilities are safe and ready for trial in COVID-19 conditions."). The Government understands that the District's precautions were developed and implemented in conjunction with medical professionals based on current guidance. *Id.* at *3 n.4. For many months now, this District has conducted trials, including multiple trials before vaccines were available. As the Delta variant has emerged, the District has taken steps to adjust its protocols to ensure safe trials proceed. Indeed, multiple trials are underway this month and several more are scheduled for the month of September. And even before vaccines became widely available, courts in this District denied trial adjournment requests solely based on Covid-19. *See, e.g.*, *United States v. Tagliaferro*, No. 19-CR-472 (PAC), 2021 WL 1225990, at *5 (S.D.N.Y. Mar. 31, 2021) (denying adjournment notwithstanding relatively low vaccination rates in New York at the time and the defendant's own health conditions); *United States v. Petit*, 496 F. Supp. 3d 825, 829-30 (S.D.N.Y. 2020) (defendant's trial adjournment request based on Covid-19 "borders on the frivolous"). Moreover, there is no guarantee that conditions will have improved by February 2022, in the middle of winter, with potential additional variants on the horizon. The defendants and witnesses may still be coming from states with high per-capita rates of Covid-19 infection. All parts of the country are unlikely to be fully vaccinated. There is a good chance that Covid-19

precautions, including masking, will still exist in February 2022. In short, "the COVID-19 uncertainties that pervade our society are reasons to accept the status quo as the new normal and move ahead with trial now, as opposed to putting the trial off indefinitely and wishing in earnest for a better future." *Tagliaferro*, 2021 WL 1225990, at *6.

The "constitutional concerns" that the defendants have raised just now for the first time relating to masking are legally meritless. *Cf. Petit*, 496 F. Supp. 3d at 827 (discussing whether the defendant had waived these arguments by failing to raise them earlier). The fact that a prospective juror is masked will not prevent the defendants and their counsel from assessing the juror's credibility and demeanor. "Being able to see jurors' noses and mouths is not essential for assessing credibility because demeanor consists of more than those two body parts since it includes the language of the entire body." *United States v. Trimarco*, No. 17 Cr. 583 (JMA), 2020 WL 5211051, at *5 (E.D.N.Y. Sept. 1, 2020) (cleaned up). "[D]espite the District's mask mandate, [the defendant] is still free to examine and assess juror credibility in all critical aspects besides the few concealed by the wearing of a mask," including by being "given an opportunity to submit proposed voir dire questions for the Court to ask prospective jurors." *Tagliaferro*, 2021 WL 1225990, at *4. The Government is also confident that the parties and the Court will do their parts to ensure that the empaneled jury is a fair one, and therefore there is no basis to conclude that the defendants will be deprived of meaningful *voir dire*, let alone an impartial jury, as a result of jurors wearing masks. *Id.*

The defendants' second argument is that an adjournment is necessary because the Government is producing additional materials to the defendants. These materials are being produced to the defendants nearly two months before trial. They will fit on a flash drive capable of holding up to 64 GBs, and the volume of the material is a small fraction of what has been produced to the defendants over the last two years (which represents multiple terabytes of data). The majority of the materials are: (i) records from devices belonging to David Correia, which were not previously reviewed and produced because they were the subject of an appeal that was only resolved after he pled guilty; (ii) materials seized from non-parties that were subject to the Rule 16(d) extension order previously issued by this Court;[1] and (iii) images and other multimedia files that were seized from devices that were previously produced in whole or in part. The Government does not believe that all of these materials are discoverable under Rule 16, and in fact the vast majority of the materials have no relevance to the case proceeding to trial in October. To the extent defense counsel has any questions about the material, the Government would be happy to discuss the materials with counsel. The defendants will not be prejudiced by the production of this material now given the amount of time before trial and the relatively small amount of material on the flash drive. Additionally, the defendants will not be prejudiced because any materials the Government

---

[1] The Government took the position that many of the materials subject to the Rule 16(d) order did not need to be produced in discovery. On May 20, 2021, the defendants requested a conference to address whether the materials were discoverable under Rule 16. The Government opposed disclosure, but represented it would produce a limited subset of material. On July 14, 2021, based in part on the Government's representations, the Court denied the defendants' request for the materials. The Government is now producing limited materials from these third parties' accounts consistent with its prior representations.

intends to use in its case-in-chief from this latest production will be identified in its exhibit list that will be shared with defense counsel later this month.

Accordingly, because of the weighty public interest in proceeding with trial on the previously scheduled date, the defendants' motion to adjourn the trial to 2022 should be denied.

Respectfully submitted,

AUDREY STRAUSS
United States Attorney
Southern District of New York

By: /s_____
Rebekah Donaleski
Aline Flodr
Nicolas Roos
Hagan Scotten
Assistant United States Attorneys
(212) 637-2418/2423/1110

Cc:   Defense counsel (by email)