UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

LEV PARNAS, *et al.*,

Defendants.

---

19-CR-725 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

The jury trial in this case is scheduled to begin with jury selection on Tuesday, October 12, 2021.  That is now a firm trial date, as the jury trial scheduled ahead of this case on October 12 has been adjourned.

The trial will involve Defendants Lev Parnas and Andrey Kukushkin.[1]  The charges to be adjudicated in this trial are those relating to the alleged "Straw Donor Scheme" and the alleged "Foreign Donor Scheme."  The Court has severed the "Fraud Guarantee Scheme" charges for a separate trial.

Defendants Parnas and Kukushkin have filed a series of letters (some under seal) requesting that the October trial be adjourned to February 2022.  After careful consideration, the Court has concluded that an adjournment is not warranted.

First, the original indictment in this case was returned nearly two years ago.  The trial was originally scheduled for October 2020, then adjourned to February 1, 2021, then to March 1, 2021. In February 2021, the Court granted Defendants' request to adjourn the trial to October 2021 — in significant part based on Defendants' argument that the trial participants and the

---

[1] Defendant Igor Fruman has indicated that he intends to plead guilty pursuant to a plea agreement (not a cooperation agreement) with the Government.  His change-of-plea hearing is scheduled for September 10, 2021.  Defendant David Correia previously pleaded guilty and has been sentenced.

1

public should be given time to get vaccinated for Covid-19. Further delay would potentially prejudice the Government in its ability to prosecute this case at trial, and it would undermine the public's significant interest in timely resolution of these charges.

Second, the District Court for the Southern District of New York has taken extraordinary measures to ensure the health and safety of participants in jury trials since the onset of the Covid-19 pandemic. The Court has worked on an ongoing basis with epidemiological experts to develop and update safety protocols relating to masking, distancing, ventilation, sanitizing courtrooms, and limiting crowds. Since the resumption of jury trials in late September 2020, the Court has successfully and safely conducted over 50 jury trials, including more than 30 criminal jury trials. The Defendants understandably raise concerns about the Delta variant, but the Court continues to work with its experts and adjust its protocols to ensure that trials are conducted safely.[2] Moreover, there is little reason to believe that conditions will be significantly different in February 2022.

Third, Defendants suggest that the Court's pandemic protocols raise constitutional concerns, including the difficulty of evaluating potential jurors who are masked during voir dire. The Court disagrees. The Court will ensure that a full and fair voir dire is conducted, and the inability to see potential jurors' noses and mouths will not substantially impair that process. *See, e.g., United States v. Trimarco*, No. 17-CR-583, 2020 WL 5211051, at *5 (E.D.N.Y. Sept. 1,

---

[2] Defendants cite a *New York Times* article noting that Plexiglas partitions may be ineffective in curbing the spread of the virus and may even increase the spread in certain circumstances. But that is precisely why the Court, in consultation with an air flow expert, has equipped its Plexiglas boxes in the courtroom with built-in HEPA filters. As the same article points out, "HEPA air filtering machines" are among the "proven ways to reduce virus transmission." *Those Anti-Covid Plastic Barriers Probably Don't Help and May Make Things Worse*, N.Y. Times, Aug. 19, 2021, https://www.nytimes.com/2021/08/19/well/live/coronavirus-restaurants-classrooms-salons.html.

2020); *United States v. Tagliaferro*, No. 19-CR-472, 2021 WL 1225990, at *4 (S.D.N.Y. Mar. 31, 2021). Nor is there any basis for Defendants' assertion that the pandemic may cause certain racial ethnic and age demographics to be underrepresented in the jury pool such that Defendants will be denied a fair trial. Any claim that the venire does not reflect a fair cross-section of the community "is premature at this juncture since potential jurors have not even had the opportunity to respond to juror summonses." *Trimarco*, 2020 WL 5211051, at *5; *see also United States v. Auzenne*, No. 19-CR-53, 2020 WL 6065556, at *11 (S.D. Miss. Oct. 14, 2020) ("Defendants' jury composition challenge is premature because they have no idea what the composition of the venire will be in this case."). And any claim that such underrepresentation reflects systematic exclusion is not likely to succeed because such underrepresentation must be "due to the system of jury selection itself, rather than external forces," *United States v. Rioux*, 97 F.3d 648, 658 (2d Cir. 1996), and "the COVID-19 pandemic is an external force," *Tagiliaferro*, 2021 WL 1172502, at *5; *see United States v. Schulte*, No. 17-CR-548, 2021 WL 1146094, at *8 (S.D.N.Y. Mar. 24, 2021); *United States v. Charles*, No. 20-CR-419, 2021 WL 2457139, at *4 (S.D.N.Y. June 16, 2021). The Court is confident that the Defendants can receive a fair trial despite the pandemic, and the Court will ensure that they do so.

Fourth, the Government's recent production of additional Rule 16 discovery does not provide a basis for a further adjournment. This production was a relatively small set of documents, it was made approximately two months in advance of trial, and it does not comprise materials that the Government intends to use in its case in chief at trial.

Finally, Defendants have not provided any unavoidable conflict or other persuasive reason that the trial cannot begin on October 12 as opposed to October 4.

For these reasons, and the reasons stated at the July 22, 2021 conference, the Court concludes that a further adjournment of the trial would not be in the public interest and would not further the interests of justice. It is therefore ORDERED that:

- The parties shall be prepared for trial beginning with jury selection on October 12, 2021, at 9:30 a.m.

- The Government shall produce its exhibit list, witness list, and 3500 material by September 7, 2021.

- Motions in limine, requests to charge, and proposed voir dire shall be filed by September 14, 2021.

- Responses to motions in limine shall be filed by September 21, 2021.

- Defendants' witness list, exhibit list, and 26.2 statements shall be produced by September 21, 2021.

- The final pretrial conference will be held on September 27, 2021, at 2:00 p.m. During the final pretrial conference, (1) the Court will discuss the process for jury selection and procedures for trial, (2) the Court will address the parties' motions in limine, (3) the Defendants will be arraigned on the S3 Superseding Indictment, and (4) the Court will conduct an allocution regarding any plea offers made by the Government and Defendants' decision to proceed to trial.

SO ORDERED.

Dated: September 2, 2021
      New York, New York

_____
J. PAUL OETKEN
United States District Judge