UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                           :

UNITED STATES OF AMERICA

                                           :

            - v. -

                                           :    S3 19 Cr. 725 (JPO)

LEV PARNAS and
ANDREY KUKUSHKIN,                             :

                        Defendants.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

 

# GOVERNMENT'S PROPOSED
## <u>EXAMINATION OF PROSPECTIVE JURORS</u>

 

                                          AUDREY STRAUSS
                                          United States Attorney
                                          Southern District of New York

Aline R. Flodr
Nicolas Roos
Hagan Scotten
Assistant United States Attorneys
      *- Of Counsel -*

SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

                         :

UNITED STATES OF AMERICA

                         :

       - v. -

                         :    S3 19 Cr. 725 (JPO)

LEV PARNAS and
ANDREY KUKUSHKIN,             :

                Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

## THE GOVERNMENT'S PROPOSED <br> EXAMINATION OF PROSPECTIVE JURORS

       The Government respectfully requests the Court to include the following questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure.

       The Court is requested to pursue more detailed questioning at the sidebar or in the robing room if a particular juror's answer reveals that further inquiry is appropriate and, in such an instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendant, or otherwise affect the juror's ability to serve as a fair and impartial juror in this case.

## INTRODUCTION

**A.**   **General Statement of the Case**

       1.     This is a criminal case.  The defendants on trial, LEV PARNAS and ANDREY KUKUSHKIN, have been charged with the commission of federal crimes in an Indictment filed by a Grand Jury sitting in this District.  The Indictment is not evidence itself, but contains charges which the Government is required to prove beyond a reasonable doubt.  Those of you selected to sit on this jury will receive a detailed explanation of the charges at the conclusion

of the case, but I will give you a brief summary of the charges in this case in order to determine

whether there is anything about the nature of this case which may make it difficult or inappropriate

for any of you to serve on the jury.

        2.      The Indictment contains six counts, or "charges," that you are going to

consider.  Count One of the Indictment charges that PARNAS and KUKUSHKIN participated in

conspiracy to (i)  make political contributions and donations of money to federal and state political

candidates, which were to be illegally funded by a Russian foreign national; (ii) make political

contributions of money to federal candidates in the name of people other than the true source of

the funds; and (iii) to defraud the Federal Election Commission, or FEC, in doing so, as the source

of those donations is provided to the FEC and used by the FEC in performing its duties, including

administering federal laws prohibiting foreign national and what are called "straw donations."

        3.      Count Two of the Indictment charges that PARNAS solicited a Russian

foreign national to fund political contributions and donations of money to federal and state

candidates in the 2018 election.

        4.      Count Three of the Indictment charges that PARNAS and KUKUSHKIN

aided and abetted a Russian foreign national in making political contributions and donations of

money to federal and state candidates.

        5.      Count Four of the Indictment charges that PARNAS participated in a

conspiracy (i) to make political contributions in names other than the true source of the funds; and

(ii) to defraud the FEC  in doing so, as to the source of those contributions.  Specifically, the

political contributions allegedly made illegally in names of persons other than the true source of

the funds included a (i) $325,000 contribution made to a political action committee; (ii) an $11,000

- 2 -

contribution to a separate joint fundraising committee; and (iii) a $2,700 contribution made to a then-sitting U.S. Congressman running for re-election.

6.      Count Five of the Indictment charges that PARNAS made false statements in an affidavit to the FEC about the sources of the (i) $325,000 contribution , and the (ii) $2,700 contribution.

7.      Count Six of the Indictment charges that PARNAS made a false entry in a document submitted to the FEC about the sources of the (i) $325,000 contribution, and the (ii) $2,700 contribution, with the intent to obstruct the FEC's investigation.

8.      We are about to select from among you the jurors who will sit in this case. Both sides are entitled to know something about the people who sit as jurors.  The law provides this procedure to ensure that both the Government and the defendant receive the fairest possible trial.  For this reason, I am going to ask you certain questions.  They are not meant to embarrass you in any way, but only to elicit the basic information necessary to permit the parties and the Court to make an informed choice of jurors for the case.

9.      With that in mind, does any of you believe you have personal knowledge of the case as I have described it? Has anyone read or heard anything about this case? If so, is there anything you read or heard that would cause you to feel that you cannot be fair and impartial?

10.     As you heard, this case involves allegations of illegal campaign contributions made by a foreign national or in the name of individuals other than the person who funded the contribution as well as false statements made to the FEC about certain of those contributions.  Is there anything about this type of case that would make you hesitate to sit on a jury?

KL3 3324920.2

11.     As you also heard, campaign finance laws are in part regulated by the Federal Election Commission, or FEC.  Do any of you have familiarity with the FEC? Will anything about your knowledge of the FEC or your exposure to that regulator affect your ability to be fair and impartial in this case?

12.     Have any of you formed an opinion that the actions charged in the Indictment, as I have described them to you, should not be a crime, or that the law governing these offenses should not be enforced, or that these crimes should not be prosecuted by the United States government?

13.     This case involves aspects of the licensing process in certain states to sell cannabis and/or marijuana. Do any of you have familiarity with cannabis or marijuana licenses? Will anything about your knowledge of the licensing process affect your ability to be fair and impartial in this case?

14.     Does any of you have a problem with your hearing or vision or any medical issues which would prevent you from giving full attention to this trial?

15.     Does any of you have any difficulty in reading or understanding English?

16.     Does any of you have any religious, philosophical or other beliefs that would make you unable to render a guilty verdict in a criminal case?

17.     After the jury is selected, we will begin opening statements and then the presentation of evidence.  The trial in this case may last for approximately two weeks.  Is there any juror for whom the proposed trial schedule presents an insurmountable problem, one that would make it truly impossible for you to serve?

**B.**     **The Parties, Witnesses, and Locations**

14.     Defendant LEV PARNAS is represented by Joseph A. Bondy.  (It is respectfully suggested that the Court have each individual stand up as they are called.)  Does any

juror know or has any juror had any dealings, directly, or indirectly, with either of these individuals?

15.     Defendant ANDREY KUKUSHKIN is represented by Gerald B. Lefcourt and Faith Friedman of Gerald B. Lefcourt P.C.  (It is respectfully suggested that the Court have each individual stand up as they are called.)  Does any juror know or has any juror had any dealings, directly, or indirectly, with any of these individuals, or with the Gerald B. Lefcourt P.C. law firm?

16.     To your knowledge, do any of your friends, relatives, associates, or employers know the defendants or their attorneys or anyone who works for the attorneys?

17.     The United States Government is represented in this case, as in all cases brought in this District, by the United States Attorney for this District, who is Audrey Strauss.  The conduct of this trial will be handled by Assistant United States Attorneys Nicolas Roos, Aline Flodr, and Hagan Scotten, as well as Special Agents of the Federal Bureau of Investigation (or "FBI"), and paralegal Sarah "Sunny" Drescher.  (It is respectfully suggested that the Court have each individual stand up as they are called.)  Does any of you know, or have you had any dealings, directly or indirectly, with any of these people or with any other member of the staff of the United States Attorney's Office for the Southern District of New York?  Does any of you know, or have you had any dealings, directly or indirectly, with any other member of the staff of the FBI?

18.     Have you or your family member, friends, associates, or employers had any dealings directly or indirectly with any of the individuals I just mentioned, the United States Attorney's Office, or the FBI?

19.     During the trial, you may hear from or hear evidence about the following people or businesses:

[List to be provided][1]

Does any of you personally know any of the people or entities I have just named?  Have you had any dealings either directly or indirectly with any of these individuals or entities?

20.     During the trial, you may hear evidence about the following locations:

[List to be provided]

Are you familiar with any of the locations I have just named?

21.     Does any of you, or your relatives or close friends, work in law, law enforcement, the justice system, the courts, or any correctional institution, jail or penitentiary?  In what capacity?  Has any of you had any contact with anyone in law, law enforcement, the justice system or the courts that might influence your ability to evaluate this case?

22.     Have you, either through any experience you have had or anything you have seen or read, developed any bias or prejudice or other feelings for or against the United States Department of Justice, the United States Attorney's Office for the Southern District of New York, or the FBI?

23.     Do you or any of your relatives or close friends work for a criminal defense lawyer or private investigator?

24.     Have you, or has any member of your family, either as an individual or in the course of your business, ever been a party to any legal action or dispute with the United States or any of the departments, agencies, or employees of the United States, including the Internal Revenue Service?  Have you had any legal, financial, or other interest in the outcome of such a

---

[1]     In light of the fact that many of these individuals are public figures, including President Trump, the Government anticipates that many prospective jurors will recognize some of these individuals and will have formed opinions about them.  The Government therefore respectfully requests that the Court question individual jurors regarding their opinions of these individuals outside of the hearing of the other prospective jurors.

dispute?  Have you, or has any member of your family, ever had such a dispute concerning money owed to you by the Government or owed by you to the Government?

### C.   Views on Certain Witnesses, Investigative Techniques, and Evidence

23.     Do any of you have any opinion about the enforcement of campaign finance laws that might prevent you from being fair and impartial in this case?

24.     Have you, or any relative, close friend, or associate ever been involved—as defendant, victim, or any other way—in a case alleging a violation of campaign finance laws or false statements made to the Government or a federal agency?  Have you or any of your close friends or relatives ever been a victim of any crime?

25.     The Government witnesses in this case will consist in part of law enforcement personnel, and may include, for example, employees of the FEC and Special Agents and other personnel with the FBI.  Would any of you be more or less likely to believe a witness merely because he or she is a member of a law enforcement agency or works for the Government?

26.     Some of the evidence admitted at trial may come from searches performed by law enforcement officers.  I instruct you that those searches were legal and that the evidence obtained from those searches is admissible in this case.  Do any of you have strong feelings about searches conducted by law enforcement officers or the use of evidence obtained from searches that would affect your ability to be fair and impartial in this case?  Would you have a bias for or against the Government because the Government conducted such a search, or used evidence obtained from such a search?

27.     Does anyone have any expectations about the types of evidence that the Government should or will present in this criminal trial, or in a criminal trial more generally?

- 7 -

28.     Would any of you be unable to follow my instructions that the Government is not required to use any particular investigative technique in uncovering evidence of or prosecuting a crime?

29.     You may hear evidence in this trial of criminal activity committed by people other than the defendant.  Those other individuals are not on trial here.  You may not draw any inference, favorable or unfavorable, towards the Government or the defendant from that fact.  You also may not speculate as to the reason why other persons are not on trial.  Is there any juror who cannot follow this instruction or who for this reason would have difficulty rendering a fair and impartial verdict?

**D.     Individual Questions For Each Juror**

31.     Have you ever served as a trial juror or a grand juror in either the state or federal courts?

    (a)     If so, when and in what court did you serve?

    (b)     If you served as a trial juror was it in a civil or criminal case?

    (c)     Without telling us what the verdict was, did you reach a verdict?

32.     Have you or has a relative or close friend ever been involved or appeared as a witness or complainant at trial, or before the grand jury, or before a legislative committee, licensing authority, or governmental agency?

    (a)     If so, would anything about your or their experience prevent you from being fair and impartial in this case?

33.     Have you, or any of your relatives or close friends, ever been charged with or convicted of a crime or been the subject of any investigation by a federal or state law enforcement agency or while in the military?  If so, would you briefly state the circumstances of

such charge, investigation or accusation? (It is respectfully suggested that jurors be allowed to discuss this matter with the Court and counsel at sidebar, if they prefer.)

34.     Have you, or any of your relatives or close friends, ever been the subject of any investigation or accusation by any federal or state grand jury, or by any congressional committee? (It is respectfully suggested that jurors be allowed to discuss this matter with the Court and counsel at sidebar, if they prefer.)

35.     Have you, or any of your relatives or close friends, ever been questioned in any matter by a federal, state, or local law enforcement agency?

36.     Have you or any members of your family or any close friends, to the best of your knowledge, had any experiences with the any agency of the United States Government (including the Internal Revenue Service), or any state or local law enforcement agency, that would or could prejudice you for or against the Government?

37.     Are you or any member of your family now under subpoena, or, to your knowledge, about to be subpoenaed in any criminal case?

38.     Have you, any member of your family, or any of your close friends, ever worked for a political campaign or as a political appointee?

39.     Have you, any member of your family, or any of your close friends, ever run as a candidate in a state or federal campaign race? If yes, please explain, when that occurred.

40.     Have you, any member of your family, or any of your close friends, ever worked for an elected state or federal official or for an individual running for federal or state office? If yes, please explain, including in what capacity, for which individual, and for how long?

41.     Have you, any member of your family, or any of your close friends, ever worked in the campaign industry?  If yes, please explain, including in what capacity, and for how long?

42.     Have you, any member of your family, or any of your close friends, ever worked for any state, federal or other agency that regulates state or federal campaigns, such as the Federal Election Commission, FEC etc.? If yes, please explain, including in what capacity, for which agency and for how long.

43.     Have you ever owned a business?  If yes, please describe the type of business, the number of employees, and whether the business is still in operation.

44.     Have you ever had any advanced education or employment in finance, economics, accounting or business administration?  If yes, please explain.

45.     Have you ever had any training or education in the law, criminal justice, or law enforcement?  If yes, please explain.

E.     **Basic Legal Principles**

45.     The function of the jury is to decide questions of fact.  You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder.  When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions.  You may not substitute your own notions of what the law is, or what you think it should be.  At the conclusion of the case, your job will be to determine whether or not the defendant is guilty, or not guilty, as charged in the indictment, using the legal instructions I provide.  Does any of you have any bias or prejudice that might prevent or hinder you from accepting the instructions of law that I will give you in this case?

46.     Will you accept the law that the question of punishment is for the Court alone to decide, and that possible punishment must not enter into the deliberations of the juror as to guilt or innocence of the defendant?

47.     Will you accept the law that sympathy must not enter into the deliberations of the juror as to guilt or innocence of the defendant, and that only the evidence produced here in Court may be used by you to determine the guilt or innocence of the defendant?

48.     Is there any juror who feels that even if the evidence established the defendant's guilt beyond a reasonable doubt, he or she might not be able to render a guilty verdict for reasons regardless of the evidence?

49.     Is there any juror who feels that even if the evidence failed to establish the defendant's guilt beyond a reasonable doubt, he or she might not be able to render a not guilty verdict for reasons regardless of the evidence?

50.     In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior question, does any juror have a doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly and impartially in this case, and to render a true and just verdict without fear, favor, sympathy or prejudice, and according to the law as it will be explained to you?

**F.     Juror's Background**

51.     The Government respectfully requests that the Court ask each juror to state the following information:

(a)     the juror's age;

(b)     the area in which the juror resides and any other area the juror has resided during the last ten years;

(c)     where the juror was born;

(d)     the juror's educational background, including the highest degree obtained;

(e)     the juror's occupation;

(f)     the name of the juror's employer, and the period of employment with that employer;

(g)     the same information concerning other employment within the last five years;

(h)     the same information with respect to the juror's spouse, if any, and any working children;

(i)     newspapers, magazines, and internet new sources the juror reads and how often;

(j)     television programs the juror regularly watches;

(k)     the juror's hobbies and leisure-time activities; and

(l)     whether the juror is a member of any clubs or organizations.

## G.     Requested Instructions Following the Impaneling of the Jury

52.     From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss or communicate about this case with anyone, including your fellow jurors, and not to remain in the presence of other persons who may be discussing this case.  The rule about not discussing or communicating about the case with others includes in social media, on the internet, and discussions even with members of your own family, and your friends.

53.     Do not read or listen to anything touching on this case in any way.  With respect to any publicity this case generates, you are instructed not to read, listen to, or watch any news or other reports about the case.  You must not be influenced by anything you might hear or see outside the courtroom.

- 12 -

54.     Do not do any research or investigation about the case or anything touching upon the case.  Do not go on the Internet to do any searches about this case or these kinds of cases or any of the individuals involved.

55.     If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk.  In this regard, let me explain to you that the attorneys and the defendants in a case are not supposed to talk to jurors, not even to offer a friendly greeting.  So if you happen to see any of them outside this courtroom, they will, and should, ignore you. Please do not take offense.  They will be acting properly by doing so.

Dated:      New York, New York
            September 21, 2021

                        Respectfully submitted,

                        AUDREY STRAUSS
                        United States Attorney for the
                        Southern District of New York

            By:     /s/_____
                        Aline R. Flodr
                        Nicolas Roos
                        Hagan Scotten
                        Assistant United States Attorneys
                        (212) 637-1110/2421/2410

- 13 -