UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――
UNITED STATES OF AMERICA

               -v-

LEV PARNAS,
                        Defendant.
―――――――――――――――――――――――

19-CR-725 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    Defendant Lev Parnas, through his counsel, has submitted a letter stating that he can no longer pay the costs of his defense. While he does not request the appointment of new counsel, he does ask the Court to order funding to cover the costs of travel and lodging during his upcoming trial, which is scheduled to begin on October 12, 2021.

    *First*, with respect to travel, the Court has statutory authority to direct the United States Marshals Service to arrange or pay for transportation to the place of trial "when the interests of justice would be served thereby." 18 U.S.C. § 4285. Accordingly, and finding that the interests of justice would be served thereby, the Court hereby directs the Marshals Service to arrange or pay for Parnas's transportation to New York in advance of the trial scheduled to commence on October 12, 2021. Travel shall be arranged sufficiently in advance of October 12 to allow appropriate Covid-19 testing for entry to the courthouse.

    *Second*, Parnas asks the Court to order the Government to pay for his lodging during trial. As Judge Gleeson explained in detail in *United States v. Mendoza*, 734 F. Supp. 2d 281 (E.D.N.Y. 2010), there is unfortunately no clear statutory source of funding for lodging (as distinguished from transportation) for indigent defendants during trial. For the reasons discussed by Judge Gleeson, the Court concludes that "the only acceptable option in this case [is] to make use of the judiciary's budget for criminal defense attorneys." *Id.* at 286. The Court finds that

providing lodging during trial is necessary for adequate representation under the circumstances. Therefore, the Court orders that Parnas's counsel will be reimbursed at the government per diem rate for the Defendant's hotel during the duration of the trial. Counsel is directed to speak with the CJA Clerk for further instructions on securing a hotel under the CJA.

    SO ORDERED.

Dated: October 4, 2021
       New York, New York

                                                J. PAUL OETKEN
                                                United States District Judge