The Law Offices Of

# Joseph A. Bondy

Joseph A. Bondy

Stephanie R. Schuman
(Of Counsel)

1776 Broadway
Suite 2000
New York NY 10019
Tel 212.219.3572

josephbondy@mac.com

October 10, 2021

**By ECF**
Hon. J. Paul Oetken
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

  Re: *United States v. Lev Parnas and Andrey Kukushkin, 19-cr-725 (JPO)*

Dear Judge Oetken:

  Lev Parnas respectfully opposes the Government's request to admit certain Government exhibits and joins in Defendant Andrey Kukushkin's arguments, to the extent not in conflict with our own. The disputed exhibits are of limited probative value and are unfairly prejudicial. They should not be admitted at trial.

  Mr. Parnas also opposes the Government's introduction of GX-1402, a group of summary charts that we received yesterday, since the exhibit does not fairly and accurately reflect the evidence that the Government intends to admit at trial.

  **I.**  **The Inaugural Committee Articles (GX-8-A-2, 30-A-1, and 32-A-1)**

  Mr. Parnas objects to the admissibility of Government Exhibits GX-8-A-2, 30-A-1, and 32-A-1, which are news stories about political contributions by conduit or foreign donors, shared on WhatsApp chats. The Government offers the chats not for their truth, but for Mr. Parnas's state of mind, and argue that they put Mr. Parnas on notice that his conduct was criminal. The Government argus that, from its perspective, the articles described conduct as illegal that "closely matches" what they have charged. And since Mr. Parnas contests that his conduct was illegal, or that he had any intent to violate the election laws, his having knowledge of the articles is "highly probative." However, these articles are marginally probative and highly inflammatory hearsay news stories, written, as many news stories are, with a sensationalism designed to drive

readership. They contain a number of prejudicial and unfounded assertions unrelated to the instant case.

Unlike in *United States v. Moseley*, 980 F.3d 9, 27 (2d Cir. 2020), a RICO prosecution involving a pay-day loan scheme in which the defendant had received numerous <u>actual</u> borrower complaints and come under regulatory scrutiny from <u>actual</u> state attorneys general in connection with his business practices, the disputed articles here are hearsay statements that could have been perceived by Parnas in any number of ways unrelated to those posited by the Government. There is no basis to conclude with any accuracy that they were understood by Mr. Parnas in a way that put him on notice that the behavior alleged against him was illegal. Here, the Government has no idea what Mr. Parnas's mental impressions were when he received these articles from Joseph Ahearn or Igor Fruman, nor whether he read them at all.

These proposed exhibits will place published news articles collecting hearsay information of unknown provenance and the imprimatur of headline conclusions regarding conduct that the Government will wrongly argue is closely related in jurors' minds. The risk of unfair prejudice to Mr. Parnas by introducing these exhibits and arguing that he received them and thus must have known his alleged conduct was illegal is acute. The Government's suggested inference is only one of many reasonable inferences that can be drawn from the proposed exhibits. As such, they are not probative of Mr. Parnas's knowledge, and their prejudicial impact requires exclusion.

## II. The FEC Complaint Article (GX-30)

Mr. Parnas also objects to the introduction of GX-30, an exchange of text messages between Mr. Kukushkin and Mr. Muraviev containing an August 8, 2018 link to an article from the Daily Beast entitled "Pro Trump Mega Donors Look to Cash in on Trump's Plan to Undercut Russian Energy," which detailed the complaint that had been filed against Global Energy Producers (GEP) and Messrs. Fruman and Parnas with the Federal Election Commission (FEC). The Government has further undertaken to redact those parts of the article which portray GEP in a favorable light.

Here, Mr. Parnas is not a party to this exchange at all. Admitting an article from the Daily Beast that discusses the complaint that forms the basis for Counts Four, Fix and Six of the Third Superseding Indictment is not fair. It is probative of nothing. Instead, the Government can offer the actual FEC complaint that was filed. The article is prejudicial hearsay containing conjecture and speculation and is written with a journalistic sensationalism that is not appropriate for the jury's consideration. The article places Mr. Parnas in a negative light based solely upon opinion, and not upon the evidence that jurors can properly consider at trial. Accordingly, it should be excluded.

## III. The Time Cover (GX-38-A-29)

Mr. Parnas objects to the Government's attempt to introduce GX-38-A-29—a Time Magazine cover bearing the title "All the Czar's Men," and subtitled "How Putin's Oligarchs Got Inside the Trump Team." There is absolutely no probative value to the exhibit, and a clear and unfair prejudice would result from its admission. Pairing the defendants with "Vladimir

Putin's Oligarchs" who "Got Inside the Trump Team" is nothing more than a thinly veiled and improper attempt to conjure xenophobic sentiments against the Defendants. Reacting to a magazine cover with emojis is just not probative of an intent to commit any of the conduct charged. Ironically, the Government has vigorously opposed Mr. Parnas introducing evidence of his fleeing the Soviet Union as a Jewish refugee when he was four, while simultaneously attempting to link him to Vladimir Putin. The risk of emotionally inflaming jurors and unfairly prejudicing Mr. Parnas through this proposed exhibit requires exclusion.

### IV.     The Russian Roots Emails (GX-136 and 137)

Mr. Parnas also objects to the Government's attempt to introduce its "Russian Roots" e-mails, GX-136 and 137, as consciousness of illegality as to Mr. Kukushkin. Mr. Parnas was not a party to these e-mails, and there is no evidence he was aware of these communications. As such, they have no probative value as to him. The introduction of e-mails between Mr. Kukushkin and others, purporting to want to obscure Mr. Muraviev's being of Russian roots, is marginally probative of the Government's point, yet would unfairly prejudice Mr. Parnas to an extent and in a way that limiting instructions cannot cure. Thus, the Russian Roots emails must be excluded.

### V.     Charts and Summaries

We join in co-defendant Kukushkin's request to exclude the Government's newly released summary charts, GX-1402, on the ground that they do not fairly and accurately reflect the evidence in the case. Instead, the charts reflect select snippets of larger text message conversations, disjointed, and spread out over a period of several weeks, and presents them in a manner that is incomplete and misleading. The summary is essentially argument and is not a proper exhibit. Accordingly, it should be excluded.

### Conclusion

Each of the disputed exhibits is more prejudicial than probative on the question of intent and should be excluded. The Defendants have identified particular and unfair prejudices for each, which substantially outweigh their probative value. *See* Fed. R. Evid. 403. If the Court allows admission of any of these exhibits, we request appropriate limiting instructions, including that they are not being admitted for their truth, may not have been read at all, and even if read may have been perceived in a completely different manner that that suggested by the Government. We also request redaction of any extraneous facts or assertions about individuals that are not connected to the defendants as inflammatory and irrelevant.

Finally, the Government's proposed summary chart should not be admitted, as it does not accurately reflect the evidence from which it is derived.

Respectfully submitted,

_____/S/_____
Joseph A. Bondy
*Co-counsel to Lev Parnas*