

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 27, 2022

**BY ECF**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Lev Parnas,* S1 19 Cr. 725 (JPO)

Dear Judge Oetken:

    The Government writes in connection with the defendant's sentencing proceeding, which is scheduled for June 29, 2022, to enclose: (1) a proposed restitution order in redacted form; and (2) a victim impact statement from Theodoros Vougiouklakis.

                              Respectfully submitted,

                                DAMIAN WILLIAMS
                              United States Attorney

                  by:       /s/
                          Rebekah Donaleski
                          Aline R. Flodr
                          Nicolas Roos
                          Hagan C. Scotten
                          Assistant United States Attorneys
                          (212) 637-2421

Cc: Defense counsel (by ECF and email)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

      v.

LEV PARNAS,

Defendant.

---

**Consent Order of Restitution**

Docket No. S1 19 Cr. 725 (JPO)

Upon the application of the United States of America, by its attorney, Damian Williams, United States Attorney for the Southern District of New York, Rebekah Donaleski, Nicolas Roos, Aline Flodr, and Hagan Scotten, Assistant United States Attorneys, of counsel; the presentence report; the Defendant's conviction on Count Seven of the above Indictment; and all other proceedings in this case, it is hereby ORDERED that:

1. **Amount of Restitution**

LEV PARNAS, the defendant, shall pay restitution in the total amount of $2,322,500 pursuant to 18 U.S.C. § 3663; 18 U.S.C. § 3663A (MVRA), and 18 U.S.C. § 3664, to the victims of the offense charged in Count Seven. The names, addresses, and specific amounts owed to each victim are set forth in the Schedule of Victims, attached hereto as Schedule A. Upon advice by the United States Attorney's Office of a change of address of a victim, the Clerk of the Court is authorized to send payments to the new address without further order of this Court.

    A.    **Joint and Several Liability**

Defendant's liability for restitution shall be joint and several with that of other defendants ordered to make restitution for the offenses in this matter, to the extent specified in the orders of restitution applicable to those defendants. Defendant's liability for restitution shall continue unabated until either the Defendant has paid the full amount of restitution ordered herein, or every

victim has been paid the total amount of his loss from all the restitution paid by the Defendant and co-defendants in this matter.

### B. Apportionment Among Victims

Pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid. Restitution shall be paid to the victims identified in the Schedule of Victims, attached hereto as Schedule A, on a pro rata basis, whereby each payment shall be distributed proportionally to each victim based upon the amount of loss for each victim, as set forth more fully in Schedule A.

### 2. Schedule of Payments

Pursuant to 18 U.S.C. § 3664(f)(2), in consideration of the financial resources and other assets of the Defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the Defendant; and any financial obligations of the Defendant; including obligations to dependents, the Defendant shall pay restitution in the manner and according to the schedule that follows:

In the interest of justice, restitution shall be payable in installments pursuant to 18 U.S.C. § 3572(d)(1) and (2). The Defendant shall commence monthly installment payments of 20-percent of his gross income, payable on the 15th day of each month, upon the commencement of his term of supervision, either following his release from prison or the imposition of a non-custodial sentence.

### 3. Payment Instructions

The Defendant shall make restitution payments by certified check, bank check, money order, wire transfer, credit card or cash. Checks and money orders shall be made payable to the "SDNY Clerk of the Court" and mailed or hand-delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required by 18 U.S.C. § 3611. The

Defendant shall write his/her name and the docket number of this case on each check or money order. Credit card payments must be made in person at the Clerk's Office. Any cash payments shall be hand delivered to the Clerk's Office using exact change, and shall not be mailed. For payments by wire, the Defendant shall contact the Clerk's Office for wiring instructions.

4. **Additional Provisions**

The Defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Unit) of (1) any change of the Defendant's name, residence, or mailing address or (2) any material change in the Defendant's financial resources that affects the Defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k). If the Defendant discloses, or the Government otherwise learns of, additional assets not known to the Government at the time of the execution of this order, the Government may seek a Court order modifying the payment schedule consistent with the discovery of new or additional assets.

5. **Restitution Liability**

The Defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the Defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b). Subject to the time limitations in the preceding sentence, in the event of the death of the Defendant, the Defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

6. **Sealing**

Consistent with 18 U.S.C. §§3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of victims, the Schedule of Victims, attached hereto

as Schedule A, shall be filed under seal, except that copies may be retained and used or disclosed by the Government, the Clerk's Office, and the Probation Department, as need be to effect and enforce this Order, without further order of this Court.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____     _____
Rebekah Donaleski                              DATE
Nicolas Roos
Aline Flodr
Hagan Scotten
One Saint Andrew's Plaza
New York, NY 10007
Tel.: (212) 637-2423

LEV PARNAS

By: _____     _____
LEV PARNAS                                    DATE


By: _____     _____
Joseph A. Bondy                               DATE
Counsel to Lev Parnas




SO ORDERED:

_____     _____
HONORABLE J. PAUL OETKEN                       DATE
UNITED STATES DISTRICT JUDGE

## SCHEDULE A: SCHEDULE OF VICTIMS

| Victim Name | Address | Amount of Loss/Restitution |
|---|---|---|
| Rodney Suggs | | $ 500,000.00 |
| Charles Gucciardo | | $ 500,000.00 |
| Theodoros Vougiouklakis | | $ 300,000.00 |
| Hubert Weisslinger (WeHold LLC) | | $ 300,000.00 |
| John Bostick | | $ 280,000.00 |
| Alexander Rothman (Advanced Micro Resource LLC) | | $ 250,000.00 |
| Tapan Daftari | | $ 192,500.00 |
| **Grand Total** | | $ 2,322,500.00 |

5

Dear Judge Oetken                                                                                              February 2, 2021

I am a victim of the lies and fraud of David Correia and Lev Parnas regarding their involvement in the Fraud Guarantee company.

On or about October of 2016, David Correia sent me a proposed business plan for the Fraud Guarantee company as well as a purchase and sale agreement for investors. Both Lev Parnas and David Correia verbally convinced me to invest $300,000 in Fraud Guarantee. The $300,000 payment was made by me via wire transfer at Mr. Correia's direction to Aaron Investments I, LLC. David Correia and Lev Parnas assured me that my investment was in a legitimate company whose purpose was to insure investors against potential fraud. Little did I know, but I was the actual victim of the fraud of Mr. Correia and Mr. Parnas.

I had no idea that they would be using my money to travel the world in luxury in order to fulfill their secret agenda that had nothing to do with the Fraud Guarantee company. They were jet setting on private planes, staying in expensive hotels and enjoying expensive meals with my money. They even had a privately paid bodyguard who traveled with them from Florida. In essence, these criminals stole my money. I personally met them once in a very expensive hotel in London and witnessed them bragging about a meeting with a very wealthy investor in Ukraine. I had no knowledge that they would use my money to solicit illegal campaign contributions. In all of my subsequent meetings with Mr. Correia, he had no problem bragging about his lavish lifestyle.

I was obviously viewed by these men as a fool who had unknowingly invested in their lies and fraudulent company. I am infuriated and humiliated that these men were able to defraud a successful business person like myself as well as others. The level of sophistication of their scheme was unimaginable to me when I made my investment. These men are thieves, liars and fraudsters and deserve to be punished to the fullest extent of the law.

I am a self-made man who immigrated to the United States from Greece in the early 1990's. I began working on cruise ships as a chief electrical engineer and worked my way up to senior electrical superintendent for Royal Caribbean International. In 2001 I started my own company contracting with cruise lines for their electrical engineering and software needs for their ships. Everything that I have worked for was to support myself, my family and my retirement. I invested $300,000 of my hard-earned money for the purpose of assisting other investors to combat fraud at the hands of people like Lev Parnas and David Correia. I never would have dreamt that I would actually be the victim. Please take what I have written into consideration when you are making your decision regarding an appropriate sentence in this case.

                                                                                              Respectfully,

                                                                                              _____
                                                                                              Ted Vougiouklakis