UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA : | **GOVERNMENT'S MOTION IN SUPPORT OF ITS PROPOSED PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS** |
| - v. - : | |
| LEV PARNAS, : | |
| : | |
| Defendant. | S2 19 Cr. 725 (JPO) |
| : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

The United States of America hereby moves pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(p), for the entry of a Preliminary Order of Forfeiture as to Substitute Assets to include certain property of LEV PARNAS, (the "Defendant") as substitute assets, to be applied towards the forfeiture money judgment that was entered against him in the above-captioned case on or about August 29, 2022;

**I.   Background**

1. On or about September 17, 2020, the Defendant was charged in a seven-count Superseding Indictment, S1 19 Cr. 725 (JPO) (the "Indictment"), with, *inter alia*, conspiracy to commit wire fraud in violation of Title 18, United States Code, Section 1349 (Count Seven).

2. The Indictment included a forfeiture allegation as to Count Seven of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A) and Title 28, United States Code, Section 2461(c) of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count Seven of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Seven of the Indictment.

3. The Indictment also included a substitute asset provision providing notice that if as a result of the Defendant's actions or omissions forfeitable property was unable to be located or obtained, transferred or sold to a third party person, had been placed beyond the jurisdiction of the Court, substantially diminished value or commingled with other property which cannot be subdivided without difficulty, the United States would seek, pursuant to Title 21, United States Code, Section 853(p), the forfeiture of any other property of the Defendant.

4. On or about March 25, 2022, the Defendant pled guilty to Count Seven of the Indictment.

5. On or about June 29, 2022, the Defendant was sentenced and ordered to forfeit $1,761,200 in United States currency, representing the proceeds traceable to the offense charged in Count Seven of the Indictment.

## The Order of Forfeiture

6. On or about August 29, 2022, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgement (the "Order of Forfeiture") imposing a $1,761,200 money judgment against the Defendant (the "Money Judgment").

7. To date, the entire Money Judgment against the Defendant remains unpaid.

## The Treasury Offset Program

8. Congress has directed that each federal agency "shall try to collect" monetary claims owing to the United States government when the claim arises out of the agency's activities. 31 U.S.C. § 3711(a)(1). If an agency's attempts to collect a claim are unsuccessful, the agency, subject to certain exceptions, may "withhold funds payable by the

United States . . . to, or held by the United States for, a person to satisfy a claim." 31 U.S.C. §§ 3701(a)(1) and 3716(a).

9. The United States Department of Treasury operates a centralized delinquent debt collection program for this purpose known as the Treasury Offset Program ("TOP"), which collects delinquent debts by withholding payments disbursed by agencies, such as tax refunds or payments by the Social Security Administration. (Declaration of United States Deputy Marshal Crystal Vasquez dated April 11, 2023 ("Calabria Declaration") ¶¶ 12-13.)

10. As part of this disbursement process, TOP compares the name and tax identification number ("TIN") of a payee with TINs associated with delinquent debts in the TOP debt database. *Id*. ¶ 14. If the name and TIN of the payee match the name and TIN of a debtor in the TOP database, TOP immediately reduces the payment to the payee by either the amount of the payee's debt or the amount of the payment, whichever is less. *Id.* At the time of the offset, TOP automatically reduces the balance of the payee's delinquent debt by the amount of the offset. (*Id.*)

11. Pursuant to 31 U.S.C. §§ 3701(d) and 3716(h), during a twelve-month period a total amount of $9,000 in Social Security payments is exempted from TOP. Accordingly, TOP will never offset a monthly Social Security Payment that is equal or less than $750.00. Additionally, the amount taken by TOP from a monthly Social Security payment will be 15% of the total payment or the amount of the payment that exceeds $750.00, whichever is less.

### The Location of Additional Assets

12. As set forth in the Vasquez Declaration, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offenses, despite the exercise of due diligence in investigating the assets of the Defendant.

13. However, the United States has located the following assets of the Defendant:

   a. The portion of any and all future disbursements from the Government to the defendant, including but not limited to income tax return refunds and Social Security payments, which may be intercepted by the Treasury Offset Program, up to the amount of the outstanding Money Judgment; and

   b. $200,000 in in United States currency posted by the Defendant in this criminal matter on or about December 6, 2019 and currently on deposit with the Clerk of Court (receipt number 465401249910)

(collectively, the "Substitute Assets").

14. As a result of acts and omissions of the Defendant, the Government, despite its exercise of due diligence, has been unable to locate or obtain the proceeds of the offenses charged in Count One of the Indictment. The United States is now seeking to forfeit the Defendant's interest in the Substitute Assets and to have it, once forfeited, applied towards the Defendant's outstanding Money Judgment.

### III. Discussion

15. Title 21, United States Code, Section 853(p) provides that, if "as a result of any act or omission of the Defendant" any property

   (A)   cannot be located upon the exercise of due diligence;

  (B) has been transferred or sold to, or deposited with, a third party;
  (C) has been placed beyond the jurisdiction of the court;
  (D) has been substantially diminished in value; or
  (E) has been commingled with other property which cannot be divided without difficulty.

the "court shall order the forfeiture of any other property of the Defendant, up to the value of any property" so transferred or moved by the Defendant.

  16. Additionally, Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure further provides that-

> On the government's motion, the court may <u>at any time</u> enter an order of forfeiture or amend an existing order of forfeiture to include property that:
>
> (B) is substitute property that qualifies for forfeiture under an applicable statute.

Fed. R. Crim. P. 32.2(e)(1) (emphasis added).

  17. Thus, the court must order the forfeiture of substitute assets to satisfy a money judgment where, as a result of the Defendant's actions or omissions, the United States is unable to locate or obtain the specific proceeds of the Defendant's offenses. *See United States v. Alamoudi,* 452 F.3d 310, 314 (4th Cir. 2006) ("Section 853(p) is not discretionary.... [w]hen the Government cannot reach the property initially subject to forfeiture, federal law requires a court to substitute assets for the unavailable tainted property"). If there are persons who claim an interest in the Substitute Assets, they will have an opportunity to challenge the Government's entitlement to the Substitute Assets in the ancillary hearing phase of these proceedings. *See* 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c) and (c)(2)(B). Under Section 853(n) and Rule 32.2(e)(2), the government must provide notice of its intent to dispose of the property to known interested parties. Persons alleging an interest in the forfeited property then have 30 days, from the date of last

5

publication or actual notice, within which to petition this Court for a hearing to determine the validity of their claims. 21 U.S.C. § 853(n)(2). If there are no petitions filed or a petition is denied, the Court will enter a final order forfeiting the substitute property to the United States. The property will not be disposed of by the Government until all third-party claims are resolved by the Court.

18.     For the foregoing reasons, the Government respectfully requests that the Substitute Assets be forfeited to the United States, and applied as a payment towards the Money Judgment.

### IV. Conclusion

Wherefore, for the aforementioned reasons, the United States requests that its motion for forfeiture of substitute property be granted and that an order be entered forthwith forfeiting all of the Defendant's right, title, and interest in the Substitute Assets to the United States and granting such other relief as may be deemed necessary and appropriate.

Dated:   New York, New York
         April 11, 2023

>                            DAMIAN WILLIAMS
>                            United States Attorney for the
>                            Southern District of New York
>
>                      By:   *Rebekah Donaleski*
>                            Rebekah Donaleski
>                            Assistant United States Attorney
>                            One St. Andrew's Plaza
>                            New York, New York 10007
>                            (212) 637- 2423