

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 2, 2023

**VIA ECF**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Lev Parnas,*
              **19 Cr. 725 (JPO)**

Dear Judge Oetken:

      The Government respectfully submits this letter in further support of the Government's motion for the entry of a Preliminary Order of Forfeiture as to Substitute Assets filed with the Court on or about April 11, 2023 (the "SAO Motion") (D.E. 349). The SAO Motion sought the entry of a Preliminary Order of Forfeiture as to Substitute Assets (the "Substitute Asset Order") forfeiting the Defendant's interest in the following substitute assets of the Defendant:

      a.      The portion of any and all future disbursements from the Government to the defendant, including but not limited to income tax return refunds and Social Security payments, which may be intercepted by the Treasury Offset Program, up to the amount of the outstanding Money Judgment ("TOP Asset"); and

      b.      $200,000 in in United States currency posted by the Defendant in this criminal matter on or about December 6, 2019 and currently on deposit with the Clerk of Court (receipt number 465401249910) ("Bail Funds")

(a and b., together, the "Substitute Assets").

      On or about April 23, 2023 the Defendant filed a letter reply to the SAO Motion setting forth no objection to the entry of the Substitute Asset Order with respect to the TOP Asset and further declining to take any position with respect to the Bail Funds. (D.E. 350). On or about May 8, 2023, the Pues Family Trust IRA filed a response to the SAO Motion asserting a potential interest in the Bail Funds.

      Pursuant to Title 21, United States Code, Section 853(p) the Court must order the forfeiture of substitute assets to satisfy a money judgment where, as a result of the defendant's actions or omissions, the United States is unable to locate or obtain the specific proceeds of the defendant's offenses. *See United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006) ("Section 853(p) is not discretionary.... [w]hen the Government cannot reach the property initially subject to forfeiture, federal law requires a court to substitute assets for the unavailable tainted property" (cleaned up)). Section 853(n) provides the exclusive means by which a third party may claim an interest in property forfeited in a criminal case and the only forum in which such a claim may be adjudicated. *See DSI Assocs. v. United States*, 496 F.3d 175, 183 (2d Cir. 2007); *United States v. Ribadeneira*, 105 F.3d 833, 834 (2d Cir. 1997). Accordingly, "only following the entry of an order of forfeiture may third parties assert in an ancillary proceeding any legal interest they may possess." *United States v. Egan*, 654 F. App'x 520, 521 (2d Cir. 2016) (cleaned up, quoting Section 853(n)(1)-(2)).

      As the Defendant has not set forth any opposition to the entry of the Substitute Asset Order, the Government requests that the Court grant the SAO Motion and enter the Substitute Asset Order. Once the Substitute Asset Order has been entered, the Pues Family Trust IRA can assert an interest in the Bail Funds by filing a claim with the Court pursuant to Section 853(n). *See, e.g.*, *United States v. Malley*, No. 21 CR. 215 (ER), 2022 WL 2764018, at *3 (S.D.N.Y. July 15, 2022) ("To the extent that any third parties have an interest in the property, they will have an opportunity to challenge the Government's claim during the ancillary hearings following the entry of the preliminary order of forfeiture." (cleaned up)). The Government can then properly evaluate such a claim and make a determination on whether Pues Family Trust IRA has standing to contest the final forfeiture of the Substitute Assets to the Government.

      Respectfully submitted,

      DAMIAN WILLIAMS
      United States Attorney

by: _____/s/_____
      Rebekah Donaleski
      Assistant United States Attorney
      (212) 637-2423