UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**19 MAG 729**

In the Matter of a Warrant for All
Content and Other Information
Associated with the Email Accounts

████████████████████████████

██████████████████████████ Maintained at
Premises Controlled by Google, Inc.,
USAO Reference No. ████████

## SEARCH WARRANT AND NON-DISCLOSURE ORDER

TO:   Google, Inc. ("Provider")

Federal Bureau of Investigation ("Investigative Agency")

**1. Warrant.** Upon an affidavit of Special Agent ██████████████ of the Federal

Bureau of Investigation, and pursuant to the provisions of the Stored Communications Act, 18

U.S.C. § 2703(b)(1)(A) and § 2703(c)(1)(A), and the relevant provisions of Federal Rule of

Criminal Procedure 41, the Court hereby finds there is probable cause to believe the email accounts

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████          ████████████████████

████████████████████████████████████ maintained at premises

controlled by Google, Inc., contains evidence, fruits, and instrumentalities of crime, all as specified

in Attachment A hereto.   Accordingly, the Provider is hereby directed to provide to the

Investigative Agency, within 30 days of the date of service of this Warrant and Order, the records

specified in Section II of Attachment A hereto, for subsequent review by law enforcement personnel as authorized in Section III of Attachment A. The Government is required to serve a copy of this Warrant and Order on the Provider within 14 days of the date of issuance. The Warrant and Order may be served via electronic transmission or any other means through which the Provider is capable of accepting service.

**2. Non-Disclosure Order.** Pursuant to 18 U.S.C. § 2705(b), the Court finds that there is reason to believe that notification of the existence of this warrant will result in destruction of or tampering with evidence, flight from prosecution, and/or tampering with potential witnesses, or otherwise will seriously jeopardize an ongoing investigation. Accordingly, it is hereby ordered that the Provider shall not disclose the existence of this Warrant and Order to the listed subscriber or to any other person for a period of one year from the date of this Order, subject to extension upon application to the Court if necessary, except that Provider may disclose this Warrant and Order to an attorney for Provider for the purpose of receiving legal advice.

**3. Sealing.** It is further ordered that this Warrant and Order, and the Affidavit upon which it was issued, be filed under seal, except that the Government may without further order of this Court serve the Warrant and Order on the Provider; provide copies of the Affidavit or Warrant and Order as need be to personnel assisting the Government in the investigation and prosecution of this matter; and disclose these materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

Dated: New York, New York

1/18/19
Date Issued

4:20 pm
Time Issued

UNITED STATES MAGISTRATE JUDGE
Southern District of New York

2

## Email Search Attachment A

### I. Subject Accounts and Execution of Warrant

This warrant is directed Google, Inc. (the "Provider"), headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043, and applies to all content and other information within the Provider's possession, custody, or control associated with the following email accounts (the "Subject Accounts"):



A law enforcement officer will serve this warrant by transmitting it via email or another appropriate manner to the Provider. The Provider is directed to produce to the law enforcement officer an electronic copy of the information specified in Section II below. Upon receipt of the production, law enforcement personnel will review the information for items falling within the categories specified in Section III below.

### II. Information to be Produced by the Provider

To the extent within the Provider's possession, custody, or control, the Provider is directed to produce the following information associated with the Subject Account:

a. *Email content.* All emails sent to or from, stored in draft form in, or otherwise associated with the Subject Accounts, including all message content, attachments, and header information (specifically including the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email) limited for the ████████████ account to items sent, received, or created between January 1, 2016 and the present, inclusive, and limited for the rest of the Subject Accounts to items sent, received, or created between January 1, 2018, and the present, inclusive;

b. *Address book information.* All address book, contact list, or similar information associated with the Subject Accounts.

c. *Subscriber and payment information.* All subscriber and payment information regarding the Subject Accounts, including but not limited to name, username, address, telephone number, alternate email addresses, registration IP address, account creation date, account status, length of service, types of services utilized, means and source of payment, and payment history.

d. *Transactional records.* All transactional records associated with the Subject Accounts, including any IP logs or other records of session times and durations.

e. *Customer correspondence.* All correspondence with the subscriber or others associated with the Subject Accounts, including complaints, inquiries, or other contacts with support services and records of actions taken.

f. *Search and Web History.* All search history and/or web browser history associated with the Subject Accounts.

g. *Google Payments.* All Google Payments records associated with the Subject Accounts.

h. *Google Drive Content.* All Google Drive records associated with the Subject Accounts, including all documents and other records stored on the Google Drive accounts.

2

i.   *Google Docs.*   All Google Docs records associated with the Subject Accounts, including all documents created or stored in Google Docs.

j.   *Google Calendar.*   All calendar entries and records associated with the Subject Accounts.

k.   *Chats and Instant Messages.*   All instant messages, chats, or other content or records related to Google Chat or Google Hangouts associated with the Subject Accounts.

l.   *Location History.*   All location records associated with the Subject Accounts.

m.   *Information Regarding Linked Accounts, Including Accounts Linked by Cookie.*   Any information identifying accounts that are associated or connected to the Subject Accounts, including specifically by Cookie, email account, phone number, Google Account ID, Android ID, or other account or device identifier.

n.   *Device Information.* Any information identifying the device or devices used to access the Subject Accounts, including a device serial number, a GUID or Global Unique Identifier, a phone number, serial numbers, MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifiers ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"), and any other information regarding the types of devices used to access the Subject Accounts;

o.   *Android Services.*   All records relating to Android services associated with the Subject Accounts.

3

p. *Preserved or backup records.* Any preserved or backup copies of any of the foregoing categories of records, whether created in response to a preservation request issued pursuant to 18 U.S.C. § 2703(f) or otherwise.

## III.   Review of Information by the Government

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate any evidence, fruits, and instrumentalities of 52 U.S.C. § 30122 (unlawful straw donations), 52 U.S.C. § 30121 (unlawful foreign contributions), 18 U.S.C. § 371 (conspiracy to commit the same), 18 U.S.C. § 2 (aiding and abetting the same), 18 U.S.C. § 1343 (wire fraud), and 18 U.S.C. § 1956 (money laundering) (together, the "Subject Offenses"), including the following:

a. Evidence relating to the creation, incorporation, or operation of Global Energy Producers LLC, or shell corporations used to make political contributions.

b. Evidence relating to the ownership of GEP, including any evidence relating to attempts to conceal the ownership of Global Energy Producers LLC.

c. Evidence necessary to establish the extent to which GEP is operating as an actual business, including as an oil, gas, or energy business.

d. Evidence relating to the funding of bank accounts held in the name of Global Energy Producers LLC.

e. Evidence relating to political contributions made by Igor Fruman, Lev Parnas, their family members, Global Energy Producers LLC, and its affiliates, employees, or representatives.

4

f.  Evidence relating to the source of the funds used to make any political contributions by Igor Fruman, Lev Parnas, their family members, Global Energy Producers LLC, and its affiliates, employees, or representatives.

g.  Evidence relating to the sources of the funds deposited into bank accounts held by Igor Fruman or Lev Parnas, or on which Igor Fruman or Lev Parnas is a signatory.

h.  Evidence relating to mortgages or loans to which ███████████████████ ██████████████████████████████████████████████ re a party.

i.  Evidence of other bank accounts or entities related to Global Energy Producers LLC, including emails reflecting registration of other accounts potentially containing relevant evidence.

j.  Evidence relating to communications with or regarding political candidates, campaigns, political action committees, political consultants, or political contributions.

k.  Evidence relating to communications with individuals who work at ███████████

l.  Evidence of intent to make unlawful political contributions or violate the campaign finance laws.

m. Evidence of knowledge of the campaign finance laws, including but not limited to knowledge of the prohibition of making contributions in the name of another person, and knowledge of the prohibition on contributions by foreign nationals.

n.  Passwords or other information needed to access user's online accounts.