UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**19MAG4784**

In the Matter of a Warrant for All Content and Other Information Associated with the iCloud Accounts with Apple IDs ▮▮▮▮▮

Maintained at Premises Controlled by Apple, Inc., USAO Reference No. ▮▮▮

## SEARCH WARRANT AND NON-DISCLOSURE ORDER

TO:  Apple Inc. ("Provider")

United States Attorney's Office for the Southern District of New York and the Federal Bureau of Investigation (collectively, the "Investigative Agencies")

**1. Warrant.** Upon an affidavit of Special Agent ▮▮▮▮▮ of the Federal Bureau of Investigation, and pursuant to the provisions of the Stored Communications Act, 18 U.S.C. § 2703(b)(1)(A) and § 2703(c)(1)(A), and the relevant provisions of Federal Rule of Criminal Procedure 41, the Court hereby finds there is probable cause to believe the iCloud Accounts with Apple IDs ▮▮▮▮▮ maintained at premises controlled by Apple Inc., contain evidence, fruits, and instrumentalities of crime, all as specified in Attachment A hereto. Accordingly, the Provider is hereby directed to provide to the Investigative Agencies, within 10 days of the date of service of this Warrant and Order, the records specified in Section II of Attachment A hereto, for subsequent review by law enforcement personnel as authorized in Section III of Attachment A. The Government is required to serve a copy of this Warrant and Order on the Provider within 14 days of the date of issuance. The Warrant and Order may be served via electronic transmission or any other means through which the Provider is capable of accepting service.

2. **Non-Disclosure Order.** Pursuant to 18 U.S.C. § 2705(b), the Court finds that there is reason to believe that notification of the existence of this warrant will result in destruction of or tampering with evidence, and/or tamping with potential witnesses, or otherwise will seriously jeopardize an ongoing investigation. Accordingly, it is hereby ordered that the Provider shall not disclose the existence of this Warrant and Order to the listed subscriber or to any other person for a period of one year from the date of this Order, subject to extension upon application to the Court if necessary, except that Provider may disclose this Warrant and Order to an attorney for Provider for the purpose of receiving legal advice.

3. **Sealing.** It is further ordered that this Warrant and Order, and the Affidavit upon which it was issued, be filed under seal, except that the Government may without further order of this Court serve the Warrant and Order on the Provider; provide copies of the Affidavit or Warrant and Order as need be to personnel assisting the Government in the investigation and prosecution of this matter; and disclose these materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

Dated: New York, New York

5/16/2019    2:16 pm
Date Issued    Time Issued

_____
UNITED STATES MAGISTRATE JUDGE
Southern District of New York

## iCloud Search Warrant Attachment A

**I.      Subject Account and Execution of Warrant**

This warrant is directed to Apple Inc. (the "Provider"), headquartered at 1 Infinite Loop, Cupertino, California 95014, and applies to all content and other information within the Provider's possession, custody, or control associated with the iCloud accounts with Apple IDs ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (the "Subject Accounts"). The Provider is directed to produce the information described below associated with the Subject Accounts for the period September 1, 2016 through the date of this warrant.

A law enforcement officer will serve this warrant by transmitting it via email or another appropriate manner to the Provider. The Provider is directed to produce to the law enforcement officer an electronic copy of the information specified in Section II below. Upon receipt of the production, law enforcement personnel will review the information for items falling within the categories specified in Section III below.

**II.     Information to be Produced by the Provider**

To the extent within the Provider's possession, custody, or control, the Provider is directed to produce the following information associated with the Subject Accounts:

a. *Subscriber and payment information.* All subscriber and payment information regarding the Subject Accounts, including but not limited to name, username, address, telephone number, alternate email addresses, registration IP address, account creation date, account status, length of service, types of services utilized, means and source of payment, and payment history.

b. *Device information and settings.* All information about the devices associated with the Subject Accounts, including but not limited to the Integrated Circuit Card ID ("ICCID") number, the Media Access Control address ("MAC address"), the unique device identifier ("UDID"), the serial number, customer device settings, and repair history.

c. *Transactional records.* All transactional records associated with the Subject Accounts, including any IP logs or other records of session times and durations.

d. *Purchase records.* All purchase records associated with the Subject Accounts, including records reflecting app purchases from the App Store and/or iTunes Store.

e. *Address book information.* All address book, contact list, or similar information associated with the Subject Accounts.

f. *Call history and voicemails.* All call histories, logs for FaceTime calls, audio voicemails, and visual voicemails associated with the Subject Accounts.

g. *Text message content.* All text messages (including iMessages, Short Message Service ("SMS") messages, and Multimedia Messaging Service ("MMS") messages) sent to or from, stored in draft form in, or otherwise associated with the Subject Accounts, including all message content, attachments, and header information (specifically including the source and destination addresses associated with each text message, and the date and time at which each text message was sent).

h. *Email content.* All emails sent to or from, stored in draft form in, or otherwise associated with the Subject Accounts, including all message content, attachments, and header information (specifically including the source and destination addresses associated with each email, the date and time at which each email was sent, and the size and length of each email).

i. *Photos and videos.* All photographs or videos associated with the Subject Accounts, including any photographs or videos found on any iCloud Photo Library, My Photo Stream, or iCloud Photo Sharing service linked to the Subject Accounts. All associated metadata with any photograph or video including the time and date of creation, the author or creator, the means of its creation, and the GPS location information for where a photo or video was taken.

   j. *Documents.* All documents stored in or otherwise associated with the Subject Accounts, including all documents in iCloud Drive, and iWork Apps.

   k. *Search and web histories.* All search history, web history, bookmarks, and iCloud Tabs.

   l. *Third-party application data.* All records, messages, and data relating to third-party applications, including WhatsApp and other third-party messaging applications, stored in or otherwise associated with the Subject Accounts.

   m. *Location data.* All location data associated with the Subject Accounts.

   n. *Customer correspondence.* All correspondence with the subscriber or others associated with the Subject Accounts, including complaints, inquiries, or other contacts with support services and records of actions taken.

**III.   Review of Information by the Government**

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate any evidence, fruits, and instrumentalities of violations of 52 U.S.C. § 30122 (unlawful straw donations), 52 U.S.C. § 30121 (unlawful foreign contributions), 18 U.S.C. § 371 (conspiracy to commit the same), 18 U.S.C. § 2 (aiding and abetting the same), 18 U.S.C. § 1001 (false statements in a matter within the jurisdiction of the executive branch), 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1346 (honest services fraud), and 18 U.S.C. § 1956 (money laundering) (together, the "Subject Offenses"), including the following:

   a. Evidence, including but not limited to communications, relating to contributions made or facilitated by Lev Parnas, Igor Fruman, and/or [redacted] on behalf of and/or funded by third parties to political candidates, campaigns, committees or other similar entities.

b. Evidence relating to the sources of the funds used to make contributions in the name of Parnas, Fruman, Igor Furman, or Global Energy Producers LLC ("GEP").

c. Evidence of Parnas or Fruman's relationship and/or business dealings w[redacted] [redacted], Andrey Muraviev, or [redacted]

d. Evidence of Parnas, Fruman, or [redacted] communications with campaigns, candidates, or PACs.

e. Evidence of Parnas or Fruman attending events sponsored or hosted by, or for the benefit of, [redacted] PAC, [redacted] PAC, [redacted] PAC, [redacted] PAC, and/or [redacted] for Congress.

f. Evidence relating to contributions to [redacted] PAC, [redacted] PAC, [redacted] PAC, [redacted] PAC, and/or [redacted] for Congress.

g. Evidence relating to any request by Parnas or Fruman to [redacted] that he take any official action, including but not limited to recommendations relating to the ambassador to Ukraine.

h. Evidence sufficient to establish the ownership of GEP or any related entities, and the extent to which GEP is engaged in the actual operation of an energy business.

i. Evidence sufficient to establish the ownership of bank accounts in the name of [redacted] [redacted] and/or [redacted]

j. Evidence of intent to make unlawful political contributions to violate the campaign finance laws.

k. Evidence of knowledge of the campaign finance laws, including but not limited to knowledge of the prohibition of making contributions in the name of another person, and knowledge of the prohibition on donations or contributions by foreign nationals.

4

12.13.2017

l. Passwords or other information related to online or encrypted messaging.

12.13.2017