AO 93 (SDNY Rev. 01/17) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
## for the
### Southern District of New York

**19 MAG 11500**

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )    Case No.
)
Eight Devices and Two Boxes of Documents Seized )
Pursuant to Two Premises Search Warrants )
)

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Southern_____ District of _____New York_____
*(identify the person or describe the property to be searched and give its location):*

See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized):*

See Attachment A

The search and seizure are related to violation(s) of *(insert statutory citations):*

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before _____December 24, 2019_____
*(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.    ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the Clerk of the Court.
    ✓ Upon its return, this warrant and inventory should be filed under seal by the Clerk of the Court. _JPO_
                                                                                                                              *USMJ Initials*

☑ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☑ for ___30___ days *(not to exceed 30).*
            ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  Dec. 10, 2019
                                  11:12 a.m.                              _____
                                                                                           *Judge's signature*

City and state:   New York, New York              J. Paul Oetken, United States District Judge
                                                                               *Printed name and title*

AO 93 (SDNY Rev. 01/17) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

**Certification**

  I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the Court.


Date: _____

                                 _____
                                   *Executing officer's signature*

                                 _____
                                    *Printed name and title*

## Attachment A

### I. Materials to be Searched

The materials to be searched (the "Subject Materials") are described as the documents and electronic devices listed below, which contain materials that were seized pursuant to search warrants issued on October 9, 2019, by the Honorable William Matthewman, United States Magistrate Judge for the Southern District of Florida, for the premises located at ▬▬▬, ▬▬▬▬▬▬▬▬▬▬, Sunny Isles Beach, Florida, (the "Fruman Residence") and the residence of Lev Parnas, located at ▬▬▬▬▬▬▬▬▬▬, Boca Raton, Florida (the "Parnas Residence").

| Item | Referred To As | Seized From |
|---|---|---|
| Bankers Box of Documents and Materials Seized Pursuant to the Fruman Residence Warrant (including political affiliation documents, portfolio with letters, portfolio with handwritten notes, receipts from purchases, various business cards, business documents and bank records, documents in foreign language, American Express bill, and container of DVDs) | "Fruman Documents" | Fruman Residence |
| Bankers Box of Documents and Materials Seized Pursuant to the Parnas Residence Warrant (including financial records, business records, handwritten notes, letters, photographs, corporate documents, a notebook containing business information, a bag of yellow legal pads with financial information and campaign documents, and a bag of receipts, bills, and banking information). | "Parnas Documents" | Parnas Residence |
| Apple MacBook Model A1466, S/N ▬▬▬ | "Parnas Device-1" | Parnas Residence |
| Samsung Galaxy Amp2, Model SM-J120AZ | "Parnas Device-2" | Parnas Residence |
| Apple iPhone S, Model A1633, IMEI ▬▬▬ | "Parnas Device-3" | Parnas Residence |
| Apple iPhone Model A1549, IMEI ▬▬▬ | "Parnas Device-4" | Parnas Residence |
| Seagate 5 TB Backup Desktop Drive | "Parnas Device-5" | Parnas Residence |
| Apple iPad Model 1397, S/N ▬▬▬ | "Parnas Device-6" | Parnas Residence |
| 2 GB Black and Silver Thumbdrive | "Parnas Device-7" | Parnas Residence |
| Apple iPhone 11, S/N ▬▬▬ | "Parnas Device-8" (collectively with Parnas Device-1 through -7, the "Parnas Devices" | Parnas Residence |

The material covered by this warrant, to the extent it can be dated, is for the period November 1, 2016, through October 9, 2019.

**II. Review of ESI and Items to be Seized**

Law enforcement personnel (including, in addition to law enforcement officers and agents, and depending on the nature of the ESI and the status of the investigation and related proceedings, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, interpreters, and outside vendors or technical experts under government control) are authorized to search the Subject Materials, including any ESI contained within the Subject Materials, for evidence, fruits, and instrumentalities of one or more violations of 22 U.S.C. §§ 612 and 618 (acting as an unregistered foreign agent), 18 U.S.C. § 951 (acting as an agent of a foreign government), 18 U.S.C. § 2 (willfully causing a violation of the foregoing statutes), and 18 U.S.C. § 371 (conspiracy to violate the foregoing statutes) (together, the "Subject Offenses"), as listed below:



a. Communications with Rudolph Giuliani, ▓▓▓▓▓▓▓▓▓▓▓▓▓, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ or any other Ukrainian national.

b. Evidence relating to ▓▓▓▓▓▓▓▓▓, including but not limited to the May 9, 2018 letter from Congressman ▓▓▓▓▓▓ to Secretary of State ▓▓▓▓▓▓ regarding ▓▓▓▓▓▓, attempts to remove ▓▓▓▓▓▓ from her position as U.S. Ambassador to Ukraine, or communications with U.S. government officials regarding ▓▓▓▓▓▓ or Ukraine.

c. Evidence relating to any funds sent into any account controlled by or associated with ▓▓▓▓ or Giuliani, or any instructions to send such funds.

d. Evidence of the motives of Parnas, Fruman, Giuliani, and ▓▓▓▓▓▓, in seeking the removal of ▓▓▓▓▓▓.

e. Evidence of money, actions, or information requested by, or offered or provided to Parnas, Fruman, Giuliani, or ▓▓▓▓, by any Ukrainian national in connection with efforts to remove ▓▓▓▓▓▓, including but not limited to any Ukrainian investigation of ▓▓▓▓▓▓ Ltd., ▓▓▓▓▓▓▓▓, or potential interference in the 2016 U.S. presidential election.

f. Evidence that Parnas, Fruman, Giuliani, and/or ▮▮▮▮ were acting at the direction, control, or request of any Ukrainian national, government official, corporation or political party, including but not limited to agreements with such an individual or entity, records of meetings, written instructions, payment records, and documents provided by such individuals or entities.

g. Evidence that Parnas and Fruman had meetings with Giuliani, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ or any other Ukrainian government official, corporation, or political party, including but not limited to travel records, and location and IP records that establish or aid in establishing Parnas's and Fruman's presence in the vicinity of those individuals.

h. Evidence of any contemplated, planned, or actual lobbying efforts relevant to Ukraine, including any press interviews or media strategies, or meetings with U.S. government officials.

i. Evidence of knowledge of the foreign agent registration laws and requirements, or lobbying laws, including but not limited to knowledge of the requirement to register as an agent of a foreign principal, or of the prohibition of acting on behalf of, lobbying for, or making contributions on behalf of a foreign principal.

Evidence of efforts or attempts to conceal meetings or communications with individuals acting on behalf of or associated with any Ukrainian national or government official.

3