ORIGINAL

AO 93 (SDNY Rev. 01/17) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No. **20 MAG 00740**
Two Email Accounts, Two iCloud Accounts, and Two )
iPhones Currently Located on Four Hard Drive Partitions )
Containing the Results of Prior Search Warrants )

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ___Southern___ District of ___New York___
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment A

The search and seizure are related to violation(s) of *(insert statutory citations)*:

18 U.S.C. § 1343 (wire fraud) and § 1349 (attempting and/or conspiring to commit wire fraud)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before    February 4, 2020
                                                                *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10 p.m.   ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the Clerk of the Court.
☑ Upon its return, this warrant and inventory should be filed under seal by the Clerk of the Court. __JPO__
                                                                                                                          *USMJ Initials*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
                                                             ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __Jan. 21, 2020 5:00 pm__         _____/s/_____
                                                                          *Judge's signature*

City and state: __New York, NY__         J. Paul Oetken, United States District Judge
                                                    *Printed name and title*

AO 93 (SDNY Rev. 01/17) Search and Seizure Warrant (Page 2)

| **Return** ||| 
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the Court.

Date: _____

                                                                _____
                                                                 *Executing officer's signature*

                                                                 _____
                                                                       *Printed name and title*

## Attachment A

### I. Devices to be Searched

The devices to be searched ("Subject Device-1," "Subject Device-2," "Subject Device-3," and "Subject Device-4," and collectively, the "Subject Devices") are described as four hard drive partitions containing the following content and information obtained pursuant to the following prior search warrants:

| Account/Device | Previously searched pursuant to search warrant(s) | Referred to as |
|---|---|---|
| **SUBJECT DEVICE-1** | | |
| [redacted] | 19 Mag. 729 (Jan. 18, 2019) <br> 19 Mag. 7593 (Aug. 14, 2019) | Parnas Yahoo Account |
| [redacted] | 19 Mag. 7595 (Oct. 17, 2019) | Correia Yahoo Account |
| **SUBJECT DEVICE-2** | | |
| Parnas iCloud account number [redacted] <br><br> iCloud account number [redacted] | 19 Mag. 4784 (May 16, 2019) <br> 19 Mag. 9829 (Oct. 21, 2019) <br> 19 Mag. 9832 (Oct. 21, 2019) | Parnas iCloud Accounts |
| **SUBJECT DEVICE-3** | | |
| Black iPhone 11 with the serial number [redacted] seized from Lev Parnas incident to his arrest at Dulles International Airport on Oct. 9, 2019 | 19 Mag. 9832 (Oct. 21, 2019) | Parnas iPhone 11 |
| **SUBJECT DEVICE-4** | | |
| iPhone with the serial number [redacted] seized from a package sent by David Correia via DHL | 19 Mag. 9830 (Oct. 21, 2019) | Correia iPhone |

## II. Review of ESI on the Subject Devices

Law enforcement personnel (including, in addition to law enforcement officers and agents, and depending on the nature of the ESI and the status of the investigation and related proceedings, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, interpreters, and outside vendors or technical experts under government control) are authorized to review the ESI contained on the Subject Devices for evidence, fruits, and instrumentalities of one or more violations of 18 U.S.C. § 1343 (wire fraud) and § 1349 (attempting and/or conspiring to commit wire fraud) (together, the "Subject Offenses"), limited to content created, sent, or received between September 1, 2013 and the date of this warrant, as listed below:

a. Evidence relating to, including communications with, Rudolph Giuliani, ▮▮▮ ▮▮▮ and any actual or potential investors, members, or partners of Fraud Guarantee;

b. Evidence relating to Fraud Guarantee's plans, finances, assets, and operations, or lack thereof, including any corporate books and records;

c. Evidence relating to Fraud Guarantee's actual or prospective business relationships, including but not limited to business relationships with any insurance carriers;

d. Evidence relating to Fraud Guarantee's members, officers, directors, investors, partners, employees, agents, consultants, affiliates, subsidiaries, and associates.

e. Evidence relating to the nature and extent of Rudolph Giuliani's and ▮▮▮ ▮▮▮ work on behalf of Parnas, Correia, and/or Fraud Guarantee, or lack thereof, including any evidence of Giuliani's efforts to assist in the removal of Ambassador ▮▮▮ and whether or not such efforts benefited Fraud Guarantee;

f. Evidence relating to any efforts by Parnas, Correia, their family members, or others associated with Fraud Guarantee in receiving, transferring, withdrawing, or otherwise using any monetary funds or instruments;

g. Evidence relating to the use of monetary funds or instruments paid to Fraud Guarantee, Parnas, or Correia to make political contributions;

   h. Evidence of meetings between Parnas, Correia, Giuliani, and any actual or potential investors in Fraud Guarantee, including but not limited to travel records, and location and IP records;

   i. Evidence of the existence of email accounts, iCloud accounts, or electronic devices used by Parnas, Correia or others associated with Fraud Guarantee to communicate with actual or potential investors, or co-conspirators;

   j. Passwords or other information needed to access user's online accounts.

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Two Email Accounts, Two iCloud Accounts, and Two iPhones on Four Hard Drive Partitions

Case No. 20 MAG 00740

## APPLICATION FOR A SEARCH AND SEIZURE WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attached Affidavit and its Attachment A

located in the     Southern     District of     New York    , there is now concealed *(identify the person or describe the property to be seized)*:

See Attached Affidavit and its Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section(s) | Offense Description(s) |
|---|---|
| See Attached Affidavit and its Attachment A | |

The application is based on these facts:

See Attached Affidavit and its Attachment A

- ☒ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Sworn to before me and signed in my presence.

Date:    01/21/2020

City and state:   New York, NY

*Judge's signature*

J. Paul Oetken, United States District Judge
*Printed name and title*

20MAG 00740

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In the Matter of the Application of the United States Of America for a Search Warrant for the Contents of Two Email Accounts, Two iCloud Accounts, and Two iPhones Currently Located on Four Hard Drive Partitions Containing the Results of Prior Search Warrants, USAO Reference No ▮▮▮▮

TO BE FILED UNDER SEAL

Agent Affidavit in Support of Application for a Search Warrant

---

SOUTHERN DISTRICT OF NEW YORK) ss.:

▮▮▮▮▮▮▮▮▮▮▮, being duly sworn, deposes and says:

## I. Introduction

### A. Affiant

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"). In the course of my experience and training in this position, I have participated in criminal investigations into federal offenses involving public corruption and violations of the federal campaign finance laws. I also have training and experience executing search warrants, including those involving electronic evidence, including emails.

2. I make this Affidavit in support of an application pursuant to Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search (i) two email accounts on an electronic device specified below ("Subject Device-1"), (ii) two iCloud accounts on a second electronic device specified below ("Subject Device-2"), (iii) an iPhone 11 on a third electronic device specified below ("Subject Device-3"), and (iv) an iPhone on a fourth electronic device specified below ("Subject Device-4" and, collectively, the "Subject Devices"), for the items and information described in Attachment A. This affidavit is based upon my personal knowledge; my review of documents and other evidence; my conversations with other law enforcement personnel; and my training, experience and advice received concerning the use of computers in criminal activity and

the forensic analysis of electronically stored information ("ESI"). Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

### B. Prior Warrants and the Subject Devices

3. Subject Device-1 is a hard drive partition in the possession of the FBI and U.S. Attorney's Office for the Southern District of New York ("USAO") which contains the results of search warrants for the email account █████████ used by Lev Parnas (the "Parnas Yahoo Account") and the email account █████████ used by David Correia (the "Correia Yahoo Account"). More specifically:

a. The Parnas Yahoo Account and Correia Yahoo Account have previously been searched pursuant to the following search warrants:

| Search warrant date and docket number | Target of search | Subject offenses |
|---|---|---|
| Jan. 18, 2019 19 Mag. 729 | Parnas Yahoo Account and Correia Yahoo Account (among other email accounts) | 52 U.S.C. § 30122 (unlawful straw donations), 52 U.S.C. § 30121 (unlawful foreign contributions), 18 U.S.C. § 371 (conspiracy to commit the same), 18 U.S.C. § 2 (aiding and abetting the same), 18 U.S.C. § 1343 (wire fraud), and 18 U.S.C. § 1956 (money laundering) |

| Aug. 14, 2019 19 Mag. 7593 | Parnas Yahoo Account and Correia Yahoo Account (among other email accounts) | 52 U.S.C. § 30122 (unlawful straw donations), 52 U.S.C. § 30121 (unlawful foreign contributions), 18 U.S.C. § 371 (conspiracy to commit the same), 18 U.S.C. § 2 (aiding and abetting the same), 18 U.S.C. § 1001 (false statements in a matter within the jurisdiction of the executive branch), 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1346 (honest services fraud), 18 U.S.C. § 1956 (money laundering), 22 U.S.C. §§ 612, 618 (failure to register as an agent of a foreign principal violation), 18 U.S.C. § 951 (acting as an agent of a foreign government), 18 U.S.C. § 201 (bribery); and 18 U.S.C. § 203 (bribery with respect to a member of congress) |
| Oct. 17, 2019 19 Mag. 7595 | Two devices containing the returns from the January 18, 2019 warrant (19 Mag. 729) | 18 U.S.C. § 1001 (false statements in a matter within the jurisdiction of the executive branch), 18 U.S.C. § 1346 (honest services fraud), 22 U.S.C. §§ 612, 618 (failure to register as an agent of a foreign principal violation), 18 U.S.C. § 951 (acting as an agent of a foreign government), 18 U.S.C. § 201 (bribery); and 18 U.S.C. § 203 (bribery with respect to a member of congress) |

   b. The content and information associated with the Parnas Yahoo Account and Correia Yahoo Account have been loaded onto Subject Device-1. As detailed herein, by this application, the Government seeks authorization to expand the scope of its search of these two accounts contained on Subject Device-1.

  4. Subject Device-2 is a hard drive partition in the possession of the FBI and USAO which contains the results of search warrants for an iCloud account with identification number ████ and an iCloud account with identification number ████, both used by Lev Parnas (the "Parnas iCloud Accounts"). More specifically:

   a. The Parnas iCloud Accounts have previously been searched pursuant to the following search warrants:

4

| Search warrant date and docket number | Target of search | Subject offenses |
|---|---|---|
| May 16, 2019<br>19 Mag. 4784 | Parnas iCloud Accounts (among other iCloud accounts) | 52 U.S.C. § 30122 (unlawful straw donations), 52 U.S.C. § 30121 (unlawful foreign contributions), 18 U.S.C. § 371 (conspiracy to commit the same), 18 U.S.C. § 2 (aiding and abetting the same), 18 U.S.C. § 1001 (false statements in a matter within the jurisdiction of the executive branch), 18 U.S.C. § 1343 (wire fraud), 18 U.S.C. § 1346 (honest services fraud), and 18 U.S.C. § 1956 (money laundering) |
| Oct. 21, 2019<br>19 Mag. 9829 | Parnas iCloud Accounts (among other iCloud accounts) | 52 U.S.C. § 30122 (unlawful straw donations), 52 U.S.C. § 30121 (unlawful contribution by a foreign national), 18 U.S.C. § 371 (conspiracy to commit the same), 18 U.S.C. § 2 (aiding and abetting the same), 18 U.S.C. § 1001 (false statement to the Federal Election Commission ("FEC")), and 18 U.S.C. § 1001 and 2 (willfully causing a false statement to be made to the FEC), 18 U.S.C. § 1519 (fabrication of documents); 22 U.S.C. §§ 612 and 618 (failure to register as a foreign agent); 18 U.S.C. § 951 (acting as an agent of a foreign government); 18 U.S.C § 1956 (international promotional money laundering); and 18 U.S.C. § 1343 (wire fraud) |
| Oct. 21, 2019<br>19 Mag. 9832 | A device containing selected results of the May 16, 2019 warrant (19 Mag. 4784) | 18 U.S.C. § 1519 (fabrication of documents); 22 U.S.C. §§ 612 and 618 (failure to register as a foreign agent); 18 U.S.C. § 951 (acting as an agent of a foreign government); and 18 U.S.C. § 1343 (wire fraud) |

    b. The content and information associated with the Parnas iCloud Accounts have been loaded onto Subject Device-2. As detailed herein, by this application, the Government seeks authorization to expand the scope of its search of these two accounts contained on Subject Device-2.

5

5. Subject Device-3 is a hard drive partition in the possession of the FBI and USAO which contains the results of a search warrant for a black iPhone 11 with the serial number ▆▆▆▆▆▆▆▆ seized from Lev Parnas incident to his arrest at Dulles International Airport on or about October 9, 2019 (the "Parnas iPhone 11"). More specifically:

   a. The Parnas iPhone 11 has previously been searched pursuant to the following search warrant:

| Search warrant date and docket number | Target of search | Subject offenses |
|---|---|---|
| Oct. 21, 2019<br>19 Mag. 9832 | Parnas iPhone 11 (among other devices) | 52 U.S.C. § 30122 (unlawful straw donations), 52 U.S.C. § 30121 (unlawful contribution by a foreign national), 18 U.S.C. § 371 (conspiracy to commit the same), 18 U.S.C. § 2 (aiding and abetting the same), 18 U.S.C. § 1001 (false statement to the FEC, and 18 U.S.C. § 1001 and 2 (willfully causing a false statement to be made to the FEC), 18 U.S.C. § 1519 (fabrication of documents); 22 U.S.C. §§ 612 and 618 (failure to register as a foreign agent); 18 U.S.C. § 951 (acting as an agent of a foreign government); 18 U.S.C § 1956 (international promotional money laundering); and 18 U.S.C. § 1343 (wire fraud) |

   b. Based on my review of technical information associated with the Parnas iPhone 11, it appears that the Parnas iPhone 11 is a dual-SIM phone and can switch between two separate mobile networks. In particular, the Parnas iPhone 11 has been used to make and receive telephone calls, and send and receive text messages, from two telephone numbers: ▆▆▆▆▆▆ and ▆▆▆▆▆▆ (the "Parnas Numbers").

6

c. The content and information associated with the Parnas iPhone 11 has been loaded onto Subject Device-3. As detailed herein, by this application, the Government seeks authorization to expand the scope of its search of this device contained on Subject Device-3.

6. Subject Device-4 is a hard drive partition in the possession of the FBI and USAO which contains the results of a search warrant for an iPhone XR with the serial number ▮▮▮▮▮▮▮▮▮▮▮▮ seized from a package sent by David Correia via DHL (the "Correia iPhone"). More specifically:

a. The Correia iPhone has previously been searched pursuant to the following search warrant:

| Search warrant date and docket number | Target of search | Subject offenses |
|---|---|---|
| Oct. 21, 2019 19 Mag. 9830 | A DHL package sent by David Correia (containing the Correia iPhone, among other things) | 52 U.S.C. § 30122 (unlawful straw donations), 52 U.S.C. § 30121 (unlawful contribution by a foreign national), 18 U.S.C. § 371 (conspiracy to commit the same), 18 U.S.C. § 2 (aiding and abetting the same), 18 U.S.C. § 1001 (false statement to the FEC, and 18 U.S.C. § 1001 and 2 (willfully causing a false statement to be made to the FEC), 18 U.S.C. § 1519 (fabrication of documents); 22 U.S.C. §§ 612 and 618 (failure to register as a foreign agent); 18 U.S.C. § 951 (acting as an agent of a foreign government); 18 U.S.C § 1956 (international promotional money laundering); and 18 U.S.C. § 1343 (wire fraud) |

b. Based on my review of technical information associated with the Correia iPhone, it appears that the Correia iPhone has been used to make and receive telephone calls, and send and receive text messages, from the telephone number ▮▮▮▮▮▮ (the "Correia Number").

7

c. The content and information associated with the Correia iPhone has been loaded onto Subject Device-4. As detailed herein, by this application, the Government seeks authorization to expand the scope of its search of this device contained on Subject Device-4.

**C. The Subject Offenses**

7. In the course of reviewing the content contained on the Parnas Yahoo Account, Correia Yahoo Account, Parnas iCloud Accounts, Parnas iPhone 11, and Correia iPhone (collectively, the "Subject Accounts and Phones") pursuant to the respective search warrants set forth above, as well as my continuing involvement in this investigation, I have discovered materials which, as set forth in greater detail below, establish probable cause to believe the Subject Accounts and Phones contain evidence of additional offenses. I am therefore requesting authority to search the Subject Devices—which contain the content and information from the Subject Accounts and Phones—for evidence, fruits, and/or instrumentalities of these additional offenses.

8. In particular, I respectfully submit that there is probable cause to believe that the Subject Accounts and Phones also contain evidence, fruits, and/or instrumentalities of the commission of 18 U.S.C. § 1343 (wire fraud) and § 1349 (attempting and/or conspiring to commit wire fraud) (together, the "Subject Offenses") in relation to Lev Parnas's and David Correia's involvement in a wire fraud scheme involving a company known as "Fraud Guarantee."

**II. Probable Cause Regarding the Subject Offenses**

9. On or about October 9, 2019, a grand jury sitting in the Southern District of New York returned an indictment charging defendants Lev Parnas and Igor Fruman with conspiring to make contributions in connection with federal elections in the names of others, in violation of 18 U.S.C. § 371 and 52 U.S.C. §§ 30122 and 30109; and with making false statements and falsifying records to obstruct the administration of a matter within the jurisdiction of the Federal Election Commission, in violation of 18 U.S.C. §§ 1001 and 1519. Additionally, the same indictment

8

charges Parnas, Fruman, David Correia, and Andrey Kukushkin with conspiring to violate the ban on foreign donations and contributions in connection with federal and state elections, in violation of 18 U.S.C. § 371 and 52 U.S.C. §§ 30121, 30122, and 30109.

10. In addition to prosecuting Parnas, Fruman, Correia, and Kukushkin for the above-referenced crimes, the FBI and USAO are investigating, among other things, whether Parnas and Correia, and others known and unknown, perpetrated a fraudulent scheme through their efforts to raise funds ostensibly for their business "Fraud Guarantee," in violation of 18 U.S.C. §§ 1343 and 1349 (wire fraud and attempt/conspiracy to commit the same). In sum, the evidence provides probable cause to believe that Parnas and Correia solicited multiple investors to contribute hundreds of thousands of dollars to Fraud Guarantee based on materially false explicit and implicit representations regarding the Fraud Guarantee business, including its finances, leadership, and relationship with Rudolph Giuliani and his firm, ▮

11. Attached hereto as Exhibit A, and incorporated by reference herein, is a search warrant for Parnas's and Correia's Fraud Guarantee email accounts (19 Mag. 11651), along with the supporting affidavit which describes in detail the basis for determining that there is probable cause to believe that Parnas and Correia committed the Subject Offenses. *See* Exhibit A (affidavit) ¶¶ 8-24.

### III. Probable Cause Regarding the Subject Devices

12. Based on the foregoing (including Exhibit A), the facts set forth below, and my training and experience, there is probable cause to believe that the Subject Devices—which contain the content and information from the Subject Accounts and Phones—will contain evidence and instrumentalities of the Subject Offenses, including communications between Parnas and Correia regarding Fraud Guarantee, communications with actual or potential investors in Fraud Guarantee,

and communications with third-party consultants to Fraud Guarantee, including Rudolph Giuliani and his firm, █████████

Subject Device-1
(Containing the Parnas Yahoo Account and Correia Yahoo Account)

13.     Based on my review of emails from the Parnas Yahoo Account and Correia Yahoo Account (obtained pursuant to the search warrants identified above), and materials produced by witnesses, I have learned, in substance and in part, that Parnas used the Parnas Yahoo Account and that Correia used the Correia Yahoo Account in connection with their scheme involving Fraud Guarantee. For example:

 a. On or about June 8, 2015, Correia (using the Correia Yahoo Account) emailed the individual who served as the Chief Executive Officer of Fraud Guarantee (the "CEO") regarding efforts to obtain a deal with an insurance carrier for Fraud Guarantee.

 b. On or about January 4, 2016, Correia (copying himself at the Correia Yahoo Account) emailed Parnas (at the Parnas Yahoo Account) regarding, among other things, certain items to address for Fraud Guarantee, including referencing a potential impending investment from a certain individual ("Victim-1").

 c. In or about March 2016, Parnas (using the Parnas Yahoo Account) sent and received various emails to and from another investor in Fraud Guarantee ("Victim-2"), including stating, "My brother please do the wire today as I explained the importance as far as everything else I told you we will work out when I get back and yes we will barter."

 d. In or about October 2016, Correia, copying Parnas (at the Parnas Yahoo Account), exchanged various emails with another investor in Fraud Guarantee ("Victim-3") regarding wiring money to an account maintained by Parnas in order to satisfy his investment in Fraud Guarantee.