UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**19 MAG 11501**

In the Matter of a Warrant for All Content and Other Information Associated with the Instagram Account levparnas Maintained at Premises Controlled by Facebook Inc., USAO Reference No. ▮

## SEARCH WARRANT AND SEALING ORDER

TO: Facebook, Inc. ("Provider")

   **1. Warrant.** Upon an affidavit of Special Agent ▮ of the Federal Bureau of Investigation, and pursuant to the provisions of the Stored Communications Act, 18 U.S.C. § 2703(b)(1)(A) and § 2703(c)(1)(A), and the relevant provisions of Federal Rule of Criminal Procedure 41, the Court hereby finds there is probable cause to believe the Instagram account ▮, maintained at premises controlled by Facebook, Inc., contains evidence, fruits, and instrumentalities of crime, all as specified in Attachment A hereto. Accordingly, the Provider is hereby directed to provide to the Investigative Agency, within 30 days of the date of service of this Warrant and Order, the records specified in Section II of Attachment A hereto, for subsequent review by law enforcement personnel as authorized in Section III of Attachment A. The Government is required to serve a copy of this Warrant and Order on the Provider within 14 days of the date of issuance. The Warrant and Order may be served via electronic transmission or any other means through which the Provider is capable of accepting service.

   **2. Sealing.** It is further ordered that this Warrant and Order, and the Affidavit upon which it was issued, be filed under seal, except that the Government may without further order of this Court serve the Warrant and Order on the Provider; provide copies of the Affidavit or Warrant and Order as need be to personnel assisting the Government in the investigation and prosecution of

this matter; and disclose these materials as necessary to comply with discovery and disclosure obligations in any prosecutions related to this matter.

Dated: New York, New York

Dec. 10, 2019    11:15 am
Date Issued         Time Issued

_____
HON. J. PAUL OETKEN
UNITED STATES DISTRICT JUDGE

## Attachment A

### I. Subject Account and Execution of Warrant

This warrant is directed to Facebook, Inc. (the "Provider"), headquartered at 1601 Willow Road, Menlo Park, California 94025, and applies to all content and other information within the Provider's possession, custody, or control associated with the Instagram account ▓▓▓ (the "Subject Account"). This warrant covers all material created, sent, or received between October 1, 2015 and the present.

A law enforcement officer will serve this warrant by transmitting it via email or another appropriate manner to the Provider. The Provider is directed to produce to the law enforcement officer an electronic copy of the information specified in Section II below. Upon receipt of the production, law enforcement personnel will review the information for items falling within the categories specified in Section III below.

### II. Information to be Produced by the Provider

To the extent within the Provider's possession, custody, or control, the Provider is directed to produce the following information associated with the Subject Account:

a. *Subscriber information.* All subscriber information regarding the Subject Account, including but not limited to name, date of birth, past and current usernames, address, telephone number, email addresses, registration IP address, account creation date, and account status.

b. *"Friends" and "follow" list information.* A list of all of the people that the Subject Account follows on Instagram and all people who are following the Subject Account (*i.e.*, the user's "following" list and "followers" list), as well as any friends of the user associated with the Subject Account.

c. *Posted content.* All content created, uploaded, posted, or shared by the Subject Account, including but not limited to all photographs, images, videos, captions, and comments, as

well as any data associated with posted content, including but not limited to hashtags, location markers, geotags, tags of users, and other users' comments or likes.

    d. *Instagram Direct.* All communications or other messages sent or received by the account, including photos, videos, posts, profiles, text messages, hashtags, and locations.

    e. *Search history.* All records of Instagram searches performed by the account, including all past searches saved by the account.

    f. *Access logs.* All activity logs including IP logs and other documents showing the IP address, date, and time of each login to the account, as well as any other log file information.

    g. *Device information.* All information regarding the particular device or devices used to login to or access the account, including all device identifier information, including all information about the particular device or devices used to access the account and the date and time of those accesses.

    h. *Customer correspondence.* All correspondence with the subscriber or others associated with the Subject Account, including complaints, inquiries, or other contacts with support services and records of actions taken.

    i. *Preserved or backup records.* Any preserved or backup copies of any of the foregoing categories of records, whether created in response to a preservation request issued pursuant to 18 U.S.C. § 2703(f) or otherwise.

**III.   Review of Information by the Government**

    Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate any evidence of 52 U.S.C. § 30121 (unlawful contribution by a foreign national), 52 U.S.C. § 30122 (unlawful straw

donations), 18 U.S.C. § 1001 (false statement to the Federal Election Commission ("FEC")), 18 U.S.C. § 1519 (fabrication of documents), 22 U.S.C. §§ 612 and 618 (acting as an unregistered foreign agent); 18 U.S.C. § 951 (acting as an agent of a foreign government); 18 U.S.C. § 2 (willfully causing or aiding and abetting a violation of the foregoing); and 18 U.S.C. § 371 (conspiracy to commit the foregoing offenses and to defraud the United States) (the "Subject Offenses"), including the following:

   a. Evidence sufficient to establish the owner and user of the Subject Account, including but not limited to subscriber information, customer correspondence, access logs, and device information.

   b. Evidence relating to political events attended by Lev Parnas, Igor Fruman, David Correia, Andrey Kukushkin, or Andrey Muraviev.

   c. Evidence relating to political contributions made by Parnas, Fruman, Correia, Kukushkin, or Muraviev, or entities under their control, including but not limited to Global Energy Producers.

   d. Evidence relating to meeting with Ukrainian government officials, including but not limited to travel with Rudolph Giuliani, ███ and others to meet with Ukrainian government officials.