AO 93  (SDNY Rev. 01/17) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

    for Nine Electronic Devices

)
)
)
)
)
)

Case No. 19MAG 9831

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Southern _____ District of _____ New York _____ *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment A

The search and seizure are related to violation(s) of *(insert statutory citations):*

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before _____ November 4, 2019 _____

*(not to exceed 14 days)*

☑ in the daytime  6:00 a.m. to 10 p.m.    ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the Clerk of the Court.
☑ Upon its return, this warrant and inventory should be filed under seal by the Clerk of the Court.

*USMJ Initials*

☑ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*  ☑ for _30_ days *(not to exceed 30).*

☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:    *Oct. 21, 2019*
*10:40 a.m.*

*Judge's signature*

City and state:    New York, New York        J. Paul Oetken, United States District Judge

*Printed name and title*

## ATTACHMENT A

### I. Subject Devices

The devices that are the subject of this search warrant (collectively, the "Subject Devices") are described as follows:

a. Subject Device-1 is a black iPhone 11 that was seized from Lev Parnas incident to his arrest at Dulles International Airport on October 9, 2019.

b. Subject Device-2 is an iPad bearing serial number ▇▇▇▇▇▇▇▇ that was seized from Lev Parnas incident to his arrest at Dulles International Airport on October 9, 2019.

c. Subject Device-3 is a black iPhone in a case with cracked glass on the back that was seized from Lev Parnas incident to his arrest at Dulles International Airport on October 9, 2019.

d. Subject Device-4 is an iPhone in a black leather case that was seized from Lev Parnas incident to his arrest at Dulles International Airport on October 9, 2019.

e. Subject Device-5 is a gold Nous cellphone that was seized from Lev Parnas incident to his arrest at Dulles International Airport on October 9, 2019.

f. Subject Device-6 is a Samsung Galaxy phone model SM-G55OT that was seized from Lev Parnas incident to his arrest at Dulles International Airport on October 9, 2019.

g. Subject Device-7 is an iPhone 11 Pro Max that was seized from Igor Fruman incident to his arrest at Dulles International Airport on October 9, 2019.

h. Subject Device-8 is an iPhone 10 Max that was seized from Igor Fruman incident to his arrest at Dulles International Airport on October 9, 2019.

i. Subject Device-9 is an ATT SIM card number ▇▇▇▇▇▇ that was seized from Igor Fruman incident to his arrest at Dulles International Airport on October 9, 2019 (collectively, the "Subject Devices").

j. The Subject Devices are presently located in the Southern District of New York.

To the extent materials are dated, this warrant is limited to materials dated July 1, 2016, to the present.

### II. Review of ESI on the Subject Devices

Law enforcement personnel (including, in addition to law enforcement officers and agents, and depending on the nature of the ESI or contents of the Subject Devices and the status of the investigation and related proceedings, attorneys for the government, attorney support staff, agency

personnel assisting the government in this investigation, interpreters and outside technical experts or vendors under government control) are authorized to review the ESI contained on the Subject Devices for evidence, fruits, and instrumentalities of violations of 52 U.S.C. § 30122 (unlawful straw donations), 52 U.S.C. § 30121 (unlawful contribution by a foreign national), 18 U.S.C. § 371 (conspiracy to commit the same), 18 U.S.C. § 2 (aiding and abetting the same), 18 U.S.C. § 1001 (false statement to the Federal Election Commission ("FEC")), and 18 U.S.C. § 1001 and 2 (willfully causing a false statement to be made to the FEC), 18 U.S.C. § 1519 (fabrication of documents); 22 U.S.C. §§ 612 and 618 (failure to register as a foreign agent); 18 U.S.C. § 951 (acting as an agent of a foreign government); 18 U.S.C § 1956 (international promotional money laundering); and 18 U.S.C. § 1343 (wire fraud), described as follows:

    a. Evidence relating to the creation, incorporation, or operation of Global Energy Producers ("GEP"), or other shell corporations used to make political contributions.

    b. Evidence relating to the ownership of GEP, including any evidence relating to attempts to conceal the ownership of GEP.

    c. Evidence necessary to establish the extent to which GEP is operating as an actual business, including as an oil, gas, or energy business.

    d. Evidence relating to the funding of bank accounts held in the name of GEP.

    e. Evidence relating to political contributions made by Fruman, Parnas, their family members, GEP, and its affiliates, employees, or representatives, or other entities controlled by Fruman and Parnas.

    f. Evidence relating to the source of the funds used to make any political contributions by Fruman, Parnas, their family members, GEP, and its affiliates, employees, or representatives, or other entities controlled by Fruman and Parnas.

    g. Evidence relating to the sources of the funds deposited into bank accounts held by Fruman, Igor Fruman's ███ (███████████), Correia, or Parnas, or on which those individuals are listed as a signatory.

    h. Evidence of other bank accounts or entities related to GEP, Parnas, Igor Fruman, ███████████, and ███████████ including emails reflecting registration of other accounts potentially containing relevant evidence.

    i. Evidence relating to communications with or regarding political candidates, campaigns, political action committees, political consultants, or political contributions.

    j. Evidence relating to communications with ███████████ or Andrey Muraviev.

    k. Evidence relating to contributions made in the name ███████."

2

l. Evidence relating to contributions to any federal, state, or local candidate, or any political action committee, including but not limited to ███████ PAC, ███████ PAC, ███████ PAC, the ███████ Fund, ███████ for Congress, ███████ for Congress, the ███████ Fund, ███████ or ███████.

m. Evidence of intent to make unlawful political contributions or violate the campaign finance laws.

n. Evidence related to any false statements made or caused to be made to the FEC.

o. Evidence of knowledge of the campaign finance laws, including but not limited to knowledge of the prohibition of making contributions in the name of another person, and knowledge of the prohibition on contributions by foreign nationals.

p. Evidence relating to the May 9, 2018 letter from Congressman ███████ to Secretary of State ███████ regarding U.S. Ambassador ███████, including correspondence attaching or concerning the letter.

q. Communications with individuals associated with the government or a political party in the Ukraine, including ███████, ███████, or ███████.

r. Communications regarding ███████ specifically or the position of U.S. Ambassador to Ukraine generally.

s. Evidence, including travel records, related to meetings with Ukrainian government officials involving Rudolph Giuliani, ███████, Parnas, or Fruman.

t. Evidence of knowledge of the foreign agent registration laws and requirements, or lobbying laws, including but not limited to knowledge of the requirement to register as an agent of a foreign principal, or of the prohibition of acting on behalf of, lobbying for, or making contributions on behalf of a foreign principal.

u. Passwords or other information needed to access user's online accounts.

v. Evidence of the intent of Parnas, Igor Fruman, ███████, David Correia, Andrey Kukushkin, Andrey Muraviev, Giuliani, ███████ and ███████ as it relates to the Subject Offenses under investigation.

3

2017.08.02